THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD D. SMITH, Plaintiff, *v.* LEWIS E. KENYON, Defendant.

Third Department, May 11, 1934.

*Olin T. Nye*, for the plaintiff.

*Arthur R. Ellison* [*C. L. Touhey* of counsel], for the defendant.

BLISS, J.   This is a submission of a controversy pursuant to section 546 of the Civil Practice Act.   It is a question in difference which might be the subject of an action.   The facts are stipulated and we are asked to determine whether plaintiff or defendant is entitled to the office of county superintendent of highways of Schuyler county and when the term of office of the person so entitled expires.

The first appointment to the office of county superintendent of highways in Schuyler county after January 1, 1909, was made on January 5, 1909, when one James P. Frost was named.   The board of supervisors was thereafter advised by the State Civil Service Commission that the position was in the competitive class under the Civil Service Law, a list of those eligible to the office was certified and on June 1, 1909, James P. Frost was appointed.   He was reappointed on December 19, 1913, and again on November 26, 1917.   The latter appointment by its terms was " for the term of four years from November 26, 1917."   The next appointment to this office was made on December 31, 1921, when the board of supervisors appointed one Lewis E. Kenyon, whose term as sheriff of Schuyler county was expiring on that day.   On December 31, 1925, Kenyon was reappointed and on December 31, 1929, was again named to succeed himself.   On December 26, 1933, the plaintiff Smith was appointed " for a term of four years," and he proceeded to qualify by filing his oath of office on December 28, 1933, and his bond on December 29, 1933.   The board of supervisors which made this appointment went out of office on December 31, 1933, and the new board, which came in on January 1, 1934, proceeded on January 2, 1934, to reappoint Lewis E. Kenyon.

Section 30 of the Highway Law provides: " The board of supervisors of any county may appoint a county superintendent. * * * The term of office of each superintendent * * * shall be four years unless sooner removed."   These provisions have been in continuous effect since January 1, 1909.   Both parties concede that a county superintendent of highways is a

public officer. This concession of the law is in accordance with a decision of the Court of Appeals in *MacDonald* v. *Ordway* (219 N. Y. 328), where it was said: " The rights and powers relating to the position of county superintendent constitute it a civil office (*Matter of Hathaway*, 71 N. Y. 238), and the statute so denominates it." (See, also, *Matter of Cregier* v. *Hill*, 122 Misc. 569.) Section 5 of the Public Officers Law provides: " Every officer   *   *   *, having duly entered on the duties of his office, shall   *   *   *   hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor.   *   *   *   An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only." The plaintiff contends that the first permanent appointment of James P. Frost, which was made on June 1, 1909, expired by operation of law on May 31, 1913, and that this definitely established the particular dates for the beginning and ending not only of the first term of Frost but also for each term of this office subsequent thereto. That is, that thereafter each term began on the first day of June in every fourth year after the year 1909 and each of such successive terms ended on the thirty-first day of May of each fourth year after the year 1913. Based on this construction of the law, the last term of office of Kenyon would have expired on May 31, 1933, thus leaving the office vacant for the purpose of choosing his successor at the time when Smith was appointed in December, 1933, and entitling Smith to the office. The plaintiff urges that the last sentence quoted above from section 5 of the Public Officers Law which reads: "An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only," applies in this instance and that the appointment of Kenyon made on December 31, 1929, was an appointment for the residue of the term which expired on May 31, 1933.

No time is fixed by the statute for the beginning or ending of the term of any incumbent of the office of county superintendent of highways. The duration of the term of office is fixed by statute at a period of four years, but nothing is said as to the date on which the term shall commence or terminate. Where no time is fixed for the beginning of the term, the term of an appointee begins on the date of his appointment and each successive incumbent of the office takes it for the term or period of time fixed by law, running from the date of his respective appointment. A new term does not commence until a new incumbent is appointed. " It is only where

the statute fails to prescribe the time when the term of office shall begin that it begins on the election or appointment." (*Whitney* v. *Patrick*, 64 Misc. 191, 195.) There is no statutory provision that each successive term of this office shall run from the date of the ending of the previous term. Also, a board of supervisors which goes out of office before the incumbent's term ends or a vacancy occurs may not fill the office; " an appointment to office in anticipation of a vacancy therein is good only in case the officer making the appointment is still in office when the vacancy occurs." (*People* v. *Fitzgerald*, 180 N. Y. 269, 274.) The authority to appoint is vested in the appointing power in office when the vacancy occurs.

With these statutes and rules of law in mind, we may now examine the factual situation and make proper legal interpretation of it. The first permanent appointment of James P. Frost was made on June 1, 1909, and his term began on that day and expired on June 1, 1913. (General Constr. Law, §§ 20, 58.) He then held over until December 19, 1913, when he was reappointed for a new term which began on that date and expired on December 19, 1917. It is not necessary that we here determine whether his last appointment on November 26, 1917, which was made before the expiration of the term he was then holding, " for the term of four years from November 26, 1917," expired on November 26, 1921, or December 19, 1921, because the next appointment to this office was not made until December 31, 1921. Consequently Frost in either event held over beyond the expiration of his term until the appointment of his successor. The appointment of Kenyon on December 31, 1921, expired on December 31, 1925. His appointment on the latter date was invalid because made by an outgoing board of supervisors before a vacancy existed. From January 1, 1926, to December 31, 1929, he held over and on December 31, 1929, was validly appointed for a term which expired on December 31, 1933. The last sentence of section 5 of the Public Officers Law does not apply to the situation at hand. Kenyon's term had not expired and there was no vacancy in the office at the time of the attempted appointment of Smith on December 26, 1933. The vacancy did not occur until January 1, 1934. On that date a new board with appointing power had come into office and the board which had appointed Smith had gone out of office. Consequently, the appointment of Smith by the outgoing board, before a vacancy occurred, on December 26, 1933, was not valid.

The defendant is entitled to a judgment determining that he is entitled to the office of county superintendent of highways of the county of Schuyler by virtue of his appointment by the board of supervisors of the county made on January 2, 1934, for a term of

four years beginning on that date and ending on January 2, 1938, with costs.

HILL, P. J., and RHODES, J., concur; HEFFERNAN, J., dissents, with an opinion in which McNAMEE, J., concurs.

HEFFERNAN, J. (dissenting). I cannot subscribe to the view of the majority in this case.

By section 30 of the Highway Law the board of supervisors of any county is authorized to appoint a county superintendent of highways and may remove him for malfeasance or misfeasance in office upon written charges and after an opportunity to be heard. The term of office of each superintendent is four years unless sooner removed.

The first legal appointment of such an official in Schuyler county was made on June 1, 1909, when one Frost was designated. That appointment was for four years and continued until May 31, 1913. On December 19, 1913, Frost was reappointed. He was again reappointed on the 26th of November, 1917. He continued to hold the position until January 10, 1922, when defendant Kenyon qualified, under an appointment made on the 31st day of December, 1921. On December 31, 1925, Kenyon was named to succeed himself. He was again named for the office on December 31, 1929. On December 26, 1933, plaintiff was appointed.

Both parties concede that a county superintendent of highways is a public officer and that the position is a public office. Section 5 of the Public Officers Law, so far as material here, provides: "Every officer * * * having duly entered on the duties of his office, shall, * * * hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; * * * An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

It is conceded that Frost's first term expired on May 31, 1913. As I construe the section of the Public Officers Law, quoted above, Frost held over from May 31, 1913, to December 19, 1913, the date of his second appointment. The second appointment could only be made for the residue of the term and would expire on May 31, 1917. In other words, the first appointment began on the 1st of June, 1909, and expired on the 31st day of May, 1913. The dates of commencement and termination were then definitely established, not only of the first term, but of each term subsequently thereto. The beginning of the term of the first appointee determines the limits of the term of successive appointees.

Giving the statute this construction, defendant's last appointment expired on May 31, 1933. He continued to hold over until December 26, 1933, when plaintiff was appointed to succeed him. Plaintiff's term will not expire until May 31, 1937. When the board of supervisors assumed to appoint defendant to the office on January 2, 1934, there was no vacancy. The supervisors have no authority to extend the term of office or to nullify the statute. The general rule is that, where no time is fixed by the Constitution or statute, the term begins, in the case of elective officers, on the day of election, and, in the case of appointive officers, on the date of appointment. (46 C. J. 966; *Whitney* v. *Patrick*, 64 Misc. 191; affd., 134 App. Div. 988; 22 R. C. L. 550.) The section of the Highway Law which we are construing makes no provision for the commencement of the term of county superintendent. It follows, therefore, that Frost's first term began on the 1st day of June, 1909, the day of his appointment.

Counsel for defendant argues that the last sentence of section 5 of the Public Officers Law to the effect that where one holds over the new appointee shall hold for the residue of the term only, does not apply in this case. In his opinion Mr. Justice BLISS adopts that suggestion. It seems to me that this view is falacious. No reason is suggested why this provision of the statute does not apply. As I interpret this statute, it clearly comprehends the office with which we are now dealing.

For these reasons I believe this controversy should be decided in favor of the plaintiff.

McNAMEE, J., concurs.

Judgment rendered in favor of the defendant against the plaintiff that the defendant is entitled to the office of county superintendent of highways of the county of Schuyler by virtue of his appointment by the board of supervisors of such county, made on January 2, 1934, for the term of four years beginning on that date and ending on January 2, 1938.