THE PEOPLE OF THE STATE OF NEW YORK on the Relation of MARK D. EWELL, Plaintiff, *v.* LLOYD P. ROBSON, Defendant.

Fourth Department, June 30, 1937.

*Francisco Penberthy*, for the plaintiff.

*William M. Gallagher*, for the defendant.

SEARS, P. J. Both the relator and the defendant claim the office of county superintendent of highways of Oswego county. The position is concededly in the competitive class of the classified civil service. The relator was appointed superintendent of highways by resolution of the board of supervisors on the 13th day of

March, 1929. He duly qualified by taking and filing his oath and filing his bond. The term of office of superintendent of highways is four years and begins on the date of his appointment, no other time being fixed by the statute. (*People ex rel. Smith* v. *Kenyon*, 241 App. Div. 177; affd., 265 N. Y. 537.) The relator was regularly appointed from a certified eligible list. On November 14, 1932, the board of supervisors by resolution reappointed the relator to the same office, the resolution providing that his term of office of four years was to commence on the 1st day of January, 1933. Following this reappointment, the relator did not take or file an oath of office, but he did file a renewal bond. In December, 1935, the board of supervisors passed a resolution making application to the State Civil Service Commission for an examination for the position of county superintendent of highways, and this application was communicated to the State Civil Service Commission in December, 1935. The application for an examination and an eligible list was again called to the attention of the State Civil Service Commission in November, 1936. On November 10, 1936, the Department of Civil Service wrote to the clerk of the board of supervisors to the effect that the Commission would announce as soon as possible an open competitive examination. The letter continued: " If the list is not ready by January 1, 1937, on which date you expect to fill the position, you would be at liberty to make a provisional appointment pending the establishment of an eligible list. In fact, you are at liberty to make a provisional appointment at any time before the list is established." On January 2, 1937, the board of supervisors adopted a resolution reciting that the term of office of the county superintendent of highways had expired and that there was no eligible list from which the board might select a county superintendent of highways and providing that Lloyd P. Robson was appointed temporary county superintendent of highways to hold such office, to perform all the duties, and to have all the authority of the county superintendent of highways until the board had an opportunity to select a superintendent from an eligible list. The defendant has been performing the duties of county superintendent of highways ever since his appointment on the 2d day of January, 1937. The submission of this controversy bears date March 15, 1937.

The relator claims to be entitled to the office either by virtue of his appointment by the resolution of the board of supervisors adopted on the 14th day of November, 1932, or, if that appointment is ineffective because of his failure to file the oath of office within fifteen days (N. Y. Const. art. 13, § 1; Public Officers Law, § 30, subd. 7) under the resolution of the board of supervisors

adopted March 13, 1929, and the provisions of the statute providing for holding over until a successor is chosen and qualified. (Public Officers Law, § 5.)

We find it unnecessary to pass upon the claims of the relator as to the source of his right to the office for we conclude that the defendant has not been duly appointed. We read the submission as a full statement of the facts relating to the appointment and eligibility both of the relator and the defendant. It does not appear that the provisional appointment of the defendant was made in compliance with the provisions of section 15, subdivision 1, of the Civil Service Law. The appointing body is not shown to have nominated the defendant to the State Civil Service Commission for non-competitive examination or that he was certified by the Commission as qualified after non-competitive examination. These are prerequisites for the effective provisional appointment. The assistant secretary of the Department of Civil Service, in his letter of November tenth, which has been referred to, when stating that the board was at liberty to make a provisional appointment pending the establishment of an eligible list, did not attempt to state the law as to what the prerequisites to the appointment were and the Board in acting upon this letter and making a provisional appointment without complying with the law, did not make a legal appointment. It is not necessary, therefore, for us to consider whether a provisional appointment can be made where the vacancy to be filled is a vacancy by expiration of office, the former incumbent holding over under the provisions of section 5 of the Public Officers Law.

For these reasons we conclude that the relator is entitled to the office of county superintendent of highways until his successor shall be chosen and shall qualify.

Judgment should be granted in favor of the relator, without costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Submitted controversy determined in favor of relator, without costs.