THE PEOPLE OF THE STATE OF NEW YORK on the Relation of MARK D. EWELL, Plaintiff, v. LLOYD P. ROBSON and the COUNTY OF OSWEGO, Defendants.

Fourth Department, December 23, 1937.

*Francisco Penberthy*, for the plaintiff.

*William M. Gallagher*, for the defendants.

SEARS, P. J.   Since the decision of this controversy in June, 1937 (251 App. Div. 689), a motion for a reargument made on behalf of the defendants has been granted (253 App. Div. 791), the submission has been amended by the inclusion of additional facts, and the county of Oswego has joined this submission as a party defendant.   When the case was before the court previously, both the relator and the defendant claimed the office of county superintendent of highways of Oswego county.   The position is in the competitive class of the classified civil service.   The relator was appointed superintendent of highways by the board of supervisors on the 13th day of March, 1929.   He duly qualified by taking his oath and filing his bond.   The term of office of the superintendent of highways is four years, and begins on the date of his appointment, no other time being fixed by the statute.   (*People ex rel. Smith* v. *Kenyon*, 241 App. Div. 177; affd., 265 N. Y. 537.)   The relator was regularly appointed from a certified eligible list.   The term of office under this appointment expired on March 13, 1933.   On November 14, 1932, the board of supervisors by resolution reappointed the relator to the same office, the resolution providing that his term of office of four years was to commence on the 1st day of January, 1933.   Following this reappointment the relator did not take or file a new oath of office but he did file a renewal bond. On January 2, 1937, and in the absence of any certificate from the State Civil Service Commission that the defendant Robson was qualified after non-competitive examination, the board of supervisors adopted a resolution reciting that the term of office of the relator had expired, and that there was no eligible list from which the board might select a county superintendent of highways, and

providing that Lloyd P. Robson, one of the defendants, be appointed temporary county superintendent of highways to hold such office, to perform all the duties of the office and to have all the authority of the county superintendent of highways until the board had an opportunity to select a superintendent from an eligible list. The defendant Robson had performed the duties of county superintendent of highways from January 2, 1937, to the date of the submission of the controversy on March 15, 1937, and immediately after the adoption by the board of supervisors of the resolution of January 2, 1937, had taken and filed the oath of office and filed the requisite bond. Inasmuch as the State Civil Service Commission had not certified the defendant Robson qualified for provisional appointment after non-competitive examination, he was not legally appointed to the office on the 2d day of January, 1937, and we so determined when the matter was first before us. Upon this reargument we are furnished with an additional statement of facts including the following: On the 16th day of April, 1937, the Department of Civil Service upon an approved application certified the defendant Lloyd P. Robson as having been found qualified for provisional appointment to the position of superintendent of highways effective January 1, 1937, pending the establishment of an appropriate eligible list, and in no case for a longer period than four months; and on July 6, 1937, the board of supervisors, by resolution, appointed Lloyd P. Robson county superintendent of highways provisionally to hold the office and to perform all its duties and to have all the authority of county superintendent of highways until the board had an opportunity to select a county superintendent of highways from an eligible list. On September 7, 1937, the Department of Civil Service furnished to the board of supervisors the names of eligibles for the position of superintendent of highways. The communication shows that the defendant Robson's name was not among those certified, his name not being among the first three on the full eligible list. The communication from the Department of Civil Service also contains the statement that Robson's temporary service should terminate September 27, 1937. On the 17th day of September, 1937, the board of supervisors by resolution appointed Freeman D. Odell county superintendent of highways. The salary of the superintendent of highways has not been paid to any one for the period beginning January 1, 1937, and ending September 17, 1937. The salary of the relator as county superintendent of highways was paid and received until January 1, 1937, at the rate of $3,600 a year. The resolutions

naming the defendant Robson to the office provided for a salary of $2,700 a year. The county of Oswego, by resolution of its board of supervisors, consented to become a party to this proceeding and to be bound by all judgments, orders and decrees made herein.

The question now submitted to us is this: Is Mark D. Ewell, the relator herein, entitled to receive the salary of the office of county superintendent of highways of Oswego county from January 1, 1937, and if so, to what date? The submission further provides:

" If the question is answered in the affirmative, then judgment is to be rendered in favor of the plaintiff, Mark D. Ewell, against the defendant, County of Oswego, in the amount computed at the rate of $300.00 per month from January 1, 1937, to the date determined in the question, but without costs or disbursements, and it is to be further adjudged and decreed that the Board of Supervisors of Oswego County audit and allow the claim and that the County Treasurer of the County of Oswego pay to the plaintiff the amount of said judgment.

" If the question is answered in the negative, then judgment is to be rendered in favor of the defendants, Lloyd P. Robson and County of Oswego, against the plaintiff, dismissing this proceeding without costs or disbursements."

The relator was concededly the qualified and acting county superintendent of highways from the 13th day of March, 1929, for a four-year term. Whether after the 13th day of March, 1933, he held the office by virtue of his appointment under the resolution of the board of supervisors of November 14, 1932, or by virtue of the terms of section 5 of the Public Officers Law, providing that an officer holds over after the expiration of his official term until a successor be chosen and qualified, is immaterial. For, in one way or the other for the period from the 13th day of March, 1933, to the 13th day of March, 1937, or, at least to the 1st day of January, 1937, he was the duly qualified and acting county superintendent of highways. After the 13th day of March, 1937, or from the 1st day of January, 1937, if it be thought that his second term of office expired on that day, he continued to hold the office until his successor was duly chosen and qualified. (Public Officers Law, § 5.) We find no irregularity in the provisional appointment of the defendant Robson on the 6th day of July, 1937. His previous oath of office and filing of bond suffice as qualification. He was properly appointed provisionally to fill a vacancy. By the very terms of the statute relating to an officer holding over after the expiration of his term,

the office is to be deemed to be vacant for the purpose of choosing his successor. Whether Robson's appointment was provisional or absolute is of no importance as to his right to hold the office and perform its functions and receive its salary. It only affects the occupant's security of tenure. Such an appointee is a successor within the meaning of that word as used in section 5 of the Public Officers Law.

We, therefore, answer the question submitted to the effect that Mark D. Ewell, the relator, is entitled to receive the salary of the office of county superintendent of highways of Oswego county from January 1, 1937, to July 6, 1937. Judgment should be granted in favor of the relator and against the defendant county of Oswego at the rate of $300 per month from January 1, 1937, to July 6, 1937. The board of supervisors should be directed to audit and allow the claim so granted the relator, and the county treasurer of the county of Oswego should be directed to pay to the relator the amount of this judgment, without costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

On reargument of submitted controversy, question submitted answered to the effect that the relator is entitled to receive the salary of the office of county superintendent of highways of Oswego county from January 1, 1937, to July 6, 1937, and judgment granted in favor of the relator and against the defendant county of Oswego at the rate of $300 per month from January 1, 1937, to July 6, 1937, and the board of supervisors of Oswego county is hereby directed to audit and allow the claim of the relator in that amount and the county treasurer of the county of Oswego is hereby directed to pay to the relator the amount so adjudged, with interest from July 6, 1937, without costs.