In the Matter of PHILIP A. HINES, Respondent, against FIORELLA H. LA GUARDIA et al., Constituting the Board of Estimate of the City of New York, as Trustees of the New York City Employees' Retirement System, et al., Appellants.

In the Matter of RICHARD WELLING, Appellant, against HARRY W. MARSH et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

PHILIP A. HINES, Intervener, Respondent.

Argued May 25, 1944; decided July 19, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Seymour B. Quel* and *Fred Iscol* of counsel), for Fiorello H. La Guardia and others, appellants.

*H. Eliot Kaplan* for Richard Welling, appellant. I. No legal appointment in the civil service may be effected until authorization and approval as provided by the Civil Service Law has been given by the Municipal Civil Service Commission. (*Matter of Welling* v. *Fullen,* 164 Misc. 456, 252 App. Div. 856, 276 N. Y. 690; *People* v. *Ingham,* 107 App. Div. 41, 183 N. Y. 547; *People ex rel. Ewell* v. *Robson,* 251 App. Div. 689; *People ex rel. Chamberlain* v. *Knox,* 45 App. Div. 518; *People ex rel. Hannan,* v. *Board of Health,* 153 N. Y. 513; *Matter of Chiaverini* v. *Murray,* 262 N. Y. 573; *Matter of Scahill* v. *Drzewucki,* 269 N. Y. 343; *Brown* v. *Craig,* 209 App. Div. 11.) II. The statute involved is clear and does not require administrative interpretation based on alleged long practice or procedure. (*Van Loon* v. *Lyons,* 61 N. Y. 22; *People ex rel. W. S. El. Co.* v. *C. T. & E. S. Co.,* 187 N. Y. 58; *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543; *Palmer* v. *Board of Education,* 276 N. Y. 222; *Matter of Andresen* v. *Rice,* 277 N. Y. 271; *People ex rel. N. Y. C. R. R. Co.* v. *Limburg,* 283 N. Y. 344; *Neuberger* v. *Commissioner,* 311 U. S. 83; *United States* v. *San Francisco,* 310 U. S. 16; *People ex rel. Ewell* v. *Robson,* 251 App. Div. 689; *Matter of Welling* v. *Fullen,* 164 Misc. 456, 252 App. Div. 856, 276 N. Y. 690; *People ex rel. Savings Bank* v. *Butler,* 147 N. Y. 164; *Matter of Kornbluth* v. *Reavy,* 261 App. Div. 60, 285 N. Y. 859; *People v. Kaye,* 212 N. Y. 407; *People* v. *131 Boerum Street Co.,* 233 N. Y. 268; *Matter of Camfield* v. *Mealy,* 288 N. Y. 149.) III. The proceed-

ing herein brought under article 78 of the Civil Practice Act is proper.

H. H. *Nordlinger* and J. M. *Dinnes* for Citizens Budget Commission, Inc., *amicus curiæ,* in support of appellants' position. I. Respondent Hines was not legally appointed to the Department of Hospitals on November 5, 1942. He was not in city service on November 9, 1942, when he filed his second application for retirement; nor on December 15, 1942, the date as of which he sought to be retired. Compliance with section 15 of the Civil Service Law has long since been held to be a prerequisite to effective provisional appointment. An employee may not be appointed first and later approved by the Civil Service Commission. (*People ex rel. Ewell* v. *Robson,* 251 App. Div. 689, 253 App. Div. 127, 278 N. Y. 585; *People* v. *Ingham,* 107 App. Div. 41, 183 N. Y. 547; *Matter of Welling* v. *Fullen,* 164 Misc. 456, 252 App. Div. 856, 276 N. Y. 690; *Matter of Welling* v. *Bissell,* 171 Misc. 90; *Matter of Goss* v. *Rice,* 160 Misc. 698, 249 App. Div. 895.) II. Rule V, section IX, subdivision 7, of the Rules of the Municipal Civil Service Commission requires (a) a vacancy of an emergency character and (b) that it is not practicable either to secure a person by certification from an eligible list or to conduct a noncompetitive examination in the absence of such a list in time to meet such emergency. (*Gallagher* v. *City of New York,* 115 App. Div. 662; *McBride* v. *City of New York,* 56 App. Div. 520; *Deering* v. *City of New York,* 107 N. Y. S. 934.) III. If subdivision 7 were construed to mean anything else but a public emergency of the character involved in the *McBride* and *Gallagher* cases, it would clearly violate the provisions of section 15 of the Civil Service Law and would be illegal. (*Matter of Hilsenrad* v. *Miller,* 284 N. Y. 445; *Matter of Camfield* v. *Mealy,* 288 N. Y. 149; *O'Malley* v. *Board of Education,* 160 App. Div. 261.) IV. Respondent Hines having failed to meet the statutory conditions for retirement, his retirement was properly denied. (*Matter of Eberle* v. *LaGuardia,* 285 N. Y. 247; *Matter of Camfield* v. *Mealy,* 288 N. Y. 149.) V. Subdivision 1 of section 15 of the Civil Service Law is clear and unambiguous and its construction is for the courts. An administrative construction cannot thwart the plain purpose of a valid law. (*Neuberger* v. *Commissioner,* 311 U. S.

83; *United States* v. *San Francisco,* 310 U. S. 16; *Estate of Sanford* v. *Commissioner,* 308 U. S. 39; *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543; *People ex rel. W. S. El. Co.* v. *C. T. & E. S. Co.,* 187 N. Y. 58; *Burns* v. *Weber,* 171 Misc. 808; *Matter of Davison,* 137 Misc. 852, 236 App. Div. 684; *Matter of Naughton* v. *Boyle,* 129 Misc. 867; *Vivien* v. *Board of Education,* 30 N. Y. S. 2d 73.)  VI. The remedy sought in the *Welling* case is an appropriate one under the decisions.

*Samuel D. Smoleff* for Citizens Union of City of New York, *amicus curiæ,* in support of appellants' position.  It is not in the public interest to permit the Civil Service Commission to give retroactive validity to employment in the public service.  This is illustrated by the present case, where the action was taken for the obvious purpose of validating a pension application, and not in the interests of the merit system.  (*Matter of Wittekind* v. *Kern,* 281 N. Y. 701; *Matter of Ackerman* v. *Kern,* 281 N. Y. 87.)

*Robert J. Eagar* for respondent.  I. Respondent Hines fully complied with all requirements of the Administrative Code for his retirement allowance and it is the statutory duty of the Board of Estimate to retire him on the date fixed in his application.  (*Roddy* v. *Valentine,* 268 N. Y. 228; *Ogden* v. *Saunders,* 12 Wheat. 213.)  II. Retroactive certification does not constitute a violation or contravention of the Civil Service Law and the intervener-respondent was legally in the service of the city, effective November 5, 1942.  (*People ex rel. Hannan* v. *Board of Health,* 153 N. Y. 513; *Cherubino* v. *Meenan,* 253 N. Y. 462; *Matter of Natelson* v. *Portfolio,* 291 N. Y. 291; *Weinstein* v. *McKenzie,* 177 Misc. 451; *Gallagher* v. *City of New York,* 115 App. Div. 662; *Matter of Shanahan* v. *Jenkins,* 166 Misc. 433; *People ex rel. Ewell* v. *Roberts,* 10 Misc. 764; *Meade* v. *Lamarche,* 150 App. Div. 42; *Matter of Verdecanna* v. *Carey,* 285 N. Y. 130.) III. For an order of mandamus under article 78 of the Civil Practice Act the petition in *Welling* v. *Marsh* is insufficient in law and improper.

LEWIS, J.  These two proceedings bring into controversy the status in civil service of Philip A. Hines, formerly First Deputy Clerk in the office of the City Clerk of the City of New York.

He resigned from that position on September 3, 1942, and claims thereafter — on November 5, 1942 — to have been appointed clerk in the Department of Hospitals of that city. Four days later — on November 9, 1942 — he applied for service retirement with pension allowance to be effective December 15, 1942. The appellants challenge the legality of Hines' alleged reappointment to service on November 5, 1942, upon which rests his right to pensioned service retirement.

By the first proceeding — *Matter of Hines* v. *La Guardia* — the petitioner seeks an order directing the Board of Estimate of the City of New York, as trustees of the New York City Employees' Retirement System, to approve the petitioner's service retirement and to grant him a retirement allowance. By the second proceeding — *Matter of Welling* v. *Marsh* — in which Philip A. Hines, the petitioner in the first proceeding, is an intervener, the petitioner Welling, a resident-citizen and taxpayer of the city of New York, seeks an order directing the Municipal Civil Service Commission to correct its records to show that the intervener served as a temporary clerk in the Department of Hospitals in the city of New York only during the period from December 14 to December 16, 1942.

At Special Term the petitioner's motion in the *Hines* proceeding was denied and the order sought in the *Welling* proceeding was granted. At the Appellate Division, where the order of Special Term in each proceeding was reversed on the law and facts, two justices dissenting, the petitioner's motion in the *Hines* proceeding was granted and the order sought at Special Term in the *Welling* proceeding was denied.

On August 31, 1942, the Mayor of the City of New York transmitted to the City Council a formal report which had been filed with him by the Commissioner of Investigation relating to irregularities in the office of the City Clerk. Among other matters the report contained a statement of alleged facts upon which a finding was made that Philip A. Hines had demonstrated his lack of fitness for public employment. Three days thereafter, on September 3, 1942, Hines resigned as First Deputy City Clerk thereby terminating his relation as a city employee. (*Matter of Doering* v. *Hinrichs,* 289 N. Y. 29, 33; see, also, *Matter of Eberle* v. *LaGuardia,* 285 N. Y. 247, 251–252.) On the date when he resigned he also filed an application for service retirement as

of October 3, 1942. When that application came before the
Board of Estimate at its meeting of October 8, 1942, it was
disapproved. Thereafter, on November 5, 1942, there was made,
under rule V, section IX, subdivision 6 of the Rules of the Munici-
pal Civil Service Commission, the purported appointment of
Hines to the competitive position of Clerk Grade I in the Depart-
ment of Hospitals of the City of New York. His annual salary
was fixed at $960; his assignment of work was at the Municipal
Sanitarium at Otisville, N. Y. The printed form upon which the
appointment was made was received in the office of the Munici-
pal Civil Service Commission on December 4, 1942, and con-
tained data indicating that the appointment was under rule V,
section IX, subdivision 6, and was for a period of fifteen days
beginning November 5, 1942. On December 14, 1942, the Munici-
pal Civil Service Commission approved the Hines payroll for
a period from November 5, to December 15, 1942. On November
9, 1942 — five days after his alleged reappointment to city service
— Hines filed with the Board of Estimate a second application
for service retirement to be effective December 15, 1942. That
application was disapproved by the Board at its meeting of
January 14, 1943, and led to the present *Hines* proceeding.

The resignation filed by Hines as First Deputy City Clerk
withdrew him from city service and served to deprive him of
the right to pensioned service retirement unless there is proof
of his legal reappointment to a position in city service under
conditions which would qualify him for a retirement allowance.
(Administrative Code, § B3–36.0, and see *Matter of Eberle* v.
*La Guardia, supra,* pp. 251–252.) In other words the petition in
the *Hines* proceeding was properly denied unless there was
evidence before the court of compliance by Hines with section
B3–36.0 of the Administrative Code which provides in part: .

" Retirement of a member for service shall be made by the
board [of estimate] as follows:

" 1. Any member *in city-service* may retire upon written
application to the board setting forth at what time, not less than
thirty days subsequent to the execution and filing thereof, he
desires to be retired, provided that such member at the time so
specified for his retirement shall have attained the minimum age
of retirement provided for the group of which he shall be a
member at such time." (Italics added.)

Unless the purported reappointment of November 5, 1942, was legal Hines was not a " member in city-service " within section B3–36.0 (*supra*) when he made his application for pensioned service retirement on November 9, 1942. Our inquiry is thus narrowed to the question of the legality of that appointment allegedly made on that date.

We find no evidence that Hines took an examination of any kind before his purported appointment of November 5, 1942. His name was on no appropriate civil service list of those eligible for the position to which he now asserts a legal appointment. Indeed, it is undisputed that no eligible list for that position had existed since 1940. In connection with such appointment Hines had not been nominated to the Civil Service Commission for noncompetitive examination; nor was he certified by the Civil Service Commission as qualified for appointment to the position of Clerk Grade I in the Department of Hospitals after noncompetitive examination. These, we think, are prerequisites for an effective provisional appointment made under rule V, section IX, subdivision 6 of the Rules of the Municipal Civil Service Commission. That rule embodies the essential provisions of Civil Service Law, section 15, subdivision 1, which provided, until amended by chapter 377 of the Laws of 1944:

" § 15. EXCEPTIONS FROM COMPETITIVE EXAMINATION. Positions in the competitive class may be filled without examination as follows:

" 1. Whenever there are urgent reasons for filling a vacancy in the competitive class and there is no list of persons eligible for appointment after competitive examination, the appointing officer may nominate a person to the state or municipal commission for non-competitive examination, and if such nominee shall be certified by such commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination, but such provisional appointment shall not continue for a longer period than four months, nor shall successive provisional appointments be made to the same position under this subdivision."

The reappointment of Hines — which was concededly provisional in character — was not made in compliance with the

statute quoted above and violated rule V, section IX, subdivision 6 of the Rules of the Municipal Civil Service Commission. (*People ex rel Ewell* v. *Robson*, 251 App. Div. 689, 691, 253 App. Div. 127, 129 [reargument], affd. 278 N. Y. 585.)

What was said in *People* v. *Ingham* (107 App. Div. 41 at p. 45, affd. on opinion below 183 N. Y. 547), applies here with equal force — " The several provisions of the Civil Service Law clearly indicate that it was the intention of the Legislature that all persons seeking employment in the civil service and who came within the provisions of the Civil Service Law, should be declared to be eligible by certificate of the officers or boards created by such law. *It was not the intention of the Legislature that an appointment could be made subject to the approval of such officers or boards.*" (Emphasis supplied.)

We thus find ourselves unable to accept the argument made in behalf of Hines that retroactive certification does not contravene section 15, subdivision 1 of the Civil Service Law (*supra*). " The Civil Service Law does not authorize the Commission to make a certification ' conditioned ' upon ' future investigation ' which may be conducted after an appointment has been made  *  *  * " (*Matter of Wolff* v. *Hodson*, 285 N. Y. 197, 204). Nor can we agree with the statement made in support of the position taken by Hines on this appeal that " the important consideration in this case is that the appointment of the respondent was an urgent appointment and as such, speed was the necessary factor in having him report for his employment." The record contains evidence which makes highly improbable the asserted urgency of the Hines reappointment on November 5, 1942. Upon that subject we cite as admitted facts the affirmative allegations in the answer in the *Hines* proceeding, to which no reply was served. (Civ. Prac. Act, § 1292.) From those allegations it appears that the provisional appointment of Hines on November 5, 1942, was made " for the sole purpose of affording [him] the privilege of having the Board of Estimate pass upon his application for service retirement." " Urgent reasons," as that phrase is used in section 15 subdivision 1 of the Civil Service Law (*supra*), implies something more impelling — something more essential to the city's well-being — than the qualifying of an employee for provisional service retirement. That such

was the " sole purpose " of the reappointment is made even more plain by the application for pensioned service retirement filed by Hines on November 9, 1942 — four days after the reappointment of November 5, 1942 — and designated by him to be effective December 15, 1942.

We do not find in section 15 of the Civil Service Law or in rule V, section IX, subdivision 6 of the Rules of the Municipal Civil Service Commission ambiguity sufficient to raise a reasonable doubt as to the intention of the framers of those laws. In such circumstances we may not, in the solution of our problem, give weight to administrative practice — upon which rests the Appellate Division decision — which practice followed a course not approved by either statute or rule. Administrative practice may not thwart a statute the purposes of which are as clear as those here involved. (*People ex rel. W. S. El. Co.* v. *C. T. & E. S. Co.*, 187 N. Y. 58, 66–67; *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543, 549–550; *Neuberger* v. *Commissioner*, 311 U. S. 83, 88–89.)

In the *Hines* proceeding the failure by the petitioner to establish that he was an employee in city service on November 9, 1942, makes legally ineffectual his application on that date for pensioned service retirement.

In the *Welling* proceeding there are allegations in the petition, and affirmative allegations in the answer to which no reply was interposed (Civ. Prac. Act, § 1292), from which it may be inferred that on December 14, 1942, the Municipal Civil Service Commission approved the qualifications of Philip A. Hines and authorized his provisional appointment and employment in the Department of Hospitals. We have concluded in the *Hines* proceeding that such action by the Commission may not be given retroactive effect. Confining our decision in the *Welling* proceeding to the issues raised by the pleadings it follows in that proceeding that there must be a reversal of the order of the Appellate Division and an affirmance of the order at Special Term.

In each proceeding the order of the Appellate Division should be reversed and that of Special Term affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY and DESMOND, JJ., concur; THACHER J., taking no part.

Ordered accordingly.