Abraham J. Gellihokf, J.
Petitioners are employees of the Board of Education and members of the Teachers’ Betirement System of the City of New York (hereinafter called “ Teachers’ Betirement System”). They bring this article 78 proceeding for an order directing respondents to grant them retirement credit for services performed by them prior to January 1,1938, at a time when they were employed as social investigators by the Emergency Belief Bureau of the City of New York (hereinafter called “ EBB ”).
On January 1, 1938 the' functions and employees of EBB were transferred to the Department of Welfare of the City of New York pursuant to statute. Petitioners (with the exception of petitioner Gilburt) became provisional employees and, after passing" civil service competitive examinations, were appointed civil service social investigators in the Department of Welfare subsequent to January 1, 1938. All petitioners thereupon became members of the New York City Employees’ Betirement System (hereinafter called “ Employees’ Betirement System”), and all have received retirement credit for city service from and after January 1, 1938.
On the various dates specified in the pleadings, petitioners resigned from the Department of Welfare, commenced service with the Board of Education, and became members of the Teachers’ Betirement System. They were then credited by that system with city service subsequent to January 1, 1938.
Pursuant to chapter 901 of the Laws of 1957, all members of the Employees’ Betirement System, including employees in the Department of Welfare, were granted the right to purchase credit for city service prior to the time they joined the “ Employees’ Betirement System”. The “ System ” notified the employees of the Department of Welfare that they were eligible, under that statute, to purchase credit for EBB service from August 1, 1935 to January 1, 1938. However, since all petitioners, except Dimowitz, were no longer ‘1 members in city-service ” and no longer members of the Employees’ Betirement *1069 System — having become employees of the Board of Education — none of them applied to the Employees’ Retirement System for credit for such prior ERB service. Dimowitz did apply, by letter dated August 29, 1957, but by September 6, 1957 — after his “ application ” was received — he was already on the payroll of the Board of Education as a teacher, and therefore no longer in city service. In any event, he would not otherwise have qualified under chapter 901 of the Laws of 1957 for the reason that he was required to pay to the Employees’ Retirement System double deductions for at least the first two years after approval of his application therefor, and obviously he did not do so since he had left the Employees’ Retirement System.
Petitioners were therefore ineligible to purchase such ERB prior service credit, the Employees’ Retirement System could not validly have granted them such credit, and its refusal to have done so did not, and does not now, constitute arbitrary conduct. As to respondent Employees’ Retirement System, the proceeding is therefore dismissed.
As to respondent Teachers’ Retirement System, the Administrative Code requires that, “ in computing the length of service of a contributor for retirement purposes ”, it shall give full credit “For all city-service” (Administrative Code, § B20-4.0a). The Administrative Code defines “ City-service ” as meaning “ any service as an employee of the City or of any department, bureau, board or corporation thereof, or of the counties within the city ” (Administrative Code, § B20-1.0, subd. 13). The question, therefore, is whether petitioners’ aforesaid service for the ERB constituted “ City-Service”.
By chapter 798 of the Laws of 1931, a Temporary Emergency Relief Administration and local relief bureaus were created, and the employees thereof exempted from the provisions of the Civil Service Law. In 1933 pursuant to chapter 259, the local relief bureaus were consolidated into the ERB and the employees of the local relief bureaus were retained as temporary employees. Pursuant to the provisions of chapter 358 of the Laws of 1937, the ERB was terminated and its functions transferred to the Department of Welfare of the City of New York. Under that statute the employees of the ERB were taken over by the Department of Welfare as temporary employees until appointments were made from civil service eligible lists. The history of the ERB discloses that since 1931 it employed hundreds of persons who were not in need of relief, without any consideration being given to the Civil Service Law.
*1070 The cases cited by petitioners concerning city service merely define the status of validly appointed employees as either city or State employees. In the eases cited by respondents, the rulings do not touch upon the question of city service or the status of employees of the EBB, and therefore furnish neither authority nor guiding principle.
Petitioners rely on the fact that the Employees’ Retirement System recognized EBB employment as city service, inasmuch as it granted retirement credit for such employment to employees of the Department of Welfare pursuant to chapter 901 of the Laws of 1957. Such action by the Employees’ Retirement System is neither controlling nor decisive as to the Teachers’ Retirement System. Respondents rely on opinions of the Corporation Counsel dated May 5, 1939 and May 6, 1959 which held that EBB service was not city service, and therefore not creditable for retirement purposes in the “ Teachers’ Retirement System.” It appears that before the enactment of chapter 901 of the Laws of 1957 the Employees’ Retirement System as well as the Teachers’ Retirement System consistently refused to grant retirement credit for service in the EBB, and that the “Teachers’ Retirement System” still refuses to do so.
On its own initiative, the court has researched the decisional law and has, on the basis of various decisions affecting EBB noncivil service employees, concluded that service in the EBB is not city service as defined in subdivision 13 of section B20-1.0 of the Administrative Code.
In Social Investigator Eligibles Assn. v. Taylor (268 N. Y. 233), it was held that employees of the EBB were not civil employees since they were deemed to be recipients of relief for which they rendered some incidental service. Later, employees who were not recipients of relief, sought to have their status determined and in Aversa v. Kern (164 Misc. 162, affd. 250 App. Div. 752, affd. 275 N. Y. 512) the court held that the attempt by the Legislature to place their positions outside of the Civil Service Law was invalid; that such employees were not in the exempt class of civil service and were required to pass competitive examinations before they could be transferred to the Department of Welfare.
When civil service employees attacked the continued employment of noncivil service employees of the EBB, it was held that the latter were illegally appointed in contravention of the Civil Service Laws and their places were to be filled by the seven petitioners in the action who had successfully passed the examination for the positions occupied by noncivil service employees *1071 (Matter of Kraus v. Singstad, 275 N. Y. 302). Similar rulings were made in Matter of Britt v. Kern (279 N. Y. 701) and Matter of Ackerman v. Kern (281 N. Y. 87). In the latter case the court stated, in referring to noncivil service EBB employees (pp. 97-98): “ The requirement for competitive examination cannot be evaded by an examination to one who has held a position for years in violation of the law
Since petitioners’ employment in the EBB was not in conformity with the Civil Service Law it was illegal and petitioners acquired no right to their positions. Such invalid employment cannot constitute valid city service (Palmer v. Board of Educ., 276 N. Y. 222; People ex rel. Hannan v. Board of Health, 153 N. Y. 513).
)Petitioners do not claim they were civil service employees before January 1,1938. Consequently, even though the Legislature authorized their temporary employment in the Department of Welfare as of January 1,1938 (L. 1937, ch. 358), that did not make their prior service legal. Nor does the fact that the City of New York, in 1957, recognized prior EBB employment for the limited purpose of affording members of its Employees’ Betirement System the privilege of purchasing prior paid-for service, make such service city service. Moreover, the administrative ruling of one retirement system is not binding on another independent retirement system.
An EBB employee who has not been validly appointed has no legal right to his position, is not an employee in city service during the period he illegally occupies his position (Matter of Hines v. La Guardia, 293 N. Y. 207), and acquires no vested right to become a member of the “ Employees’ Betirement System.” Petitioners’ prior EBB service is therefore not the equivalent of city service within the meaning of the provisions of subdivision 13 of section B20-1.0 of the Administrative Code of the City of New York.
The four-month time limitation of section 1286 of the Civil Practice Act does not bar this proceeding since this proceeding is brought to compel the performance of a duty enjoined by law, and that duty — to credit petitioners for city service — is a continuing one (Matter of Cash v. Bates, 301 N. Y. 258; Matter of Millicker v. Board of Educ., 300 N. Y. 634). The other defenses raised as to certain of the petitioners are not considered in view of the over-all disposition made herein. Petition dismissed.