FRANKLIN I. JUDSON et al., Individually and as Members of the Executive Committee of the Tenants' Protective Committee of 1185 Park Avenue, on Behalf of Themselves and All Other Tenants of 1185 Park Avenue Similarly Situated, Respondents, *v.* DAVID W. FRANKEL et al., Appellants.

First Department, February 13, 1952.

Jerome L. Greene of counsel (*Harry L. Wechsler, Oscar L. Tucker* and *Marshall, Bratter, Klein & Greene,* with him on the brief; *Jerome L. Greene,* attorney), for appellants.

*Milton N. Mound* of counsel (*Lewis & Mound* and *Nathan B. Kogan,* attorneys), for respondents.

VAN VOORHIS, J. This complaint, now challenged as insufficient in law, alleges that plaintiffs are statutory tenants residing in individual apartments at 1185 Park Avenue in the borough of Manhattan. On behalf of a "Protective Committee" of tenants, they are opposing the inauguration of a so-called co-operative plan proposed by defendants for that apartment house, pursuant to which tenants may be evicted unless they agree to purchase their several apartments on a co-operative basis. Defendants contend that they have acted under the authority of subdivision 3 of section 55 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, which permits eviction of tenants under certain conditions at the instance of owners of co-operative apartments. It may well be that this regulation has been ratified and given the force of statute by section 2 of chapter 443 of the Laws of 1951, in the form in which this regulation was at the time of the adoption of that act of the Legislature. It is not clear, nevertheless, that the intent of the Rent Commission or of the Legislature was to allow statutory tenants to be confronted with the alternatives of purchasing their apartments or of being evicted, at least unless they originally became tenants under leases from owners of separate, individual co-operative apartments, and except at the instance of such individual apartment owners, their successors or assigns.

In the present case it appears from the complaint that the proposed co-operative corporation had not been formed when plaintiffs rented their apartments, nor has it yet been organized. Their leases evidently were made by a former owner or owners of the whole building, which was not then a co-operative. Questions arise concerning whether subdivision 3 of section 55 of the regulations of the Rent Commission was designed to cover the situation here presented where a new co-operative is proposed to be formed after plaintiffs have become statutory tenants and, if so, whether such a plan can be capitalized except upon a valuation previously approved by the Rent Commis-

sion. The latter question is particularly relevant where, as here, defendants are promoting a co-operative to be capitalized on a basis alleged to be $325,000 greater than the assessed valuation and $610,000 more than the price at which defendants have recently purchased the apartment house from the former owner. Plaintiffs contend that, in effect, defendants would be enabled to make a quick profit in such an amount by reselling to a co-operative corporation newly organized by defendants themselves, which could pay the advanced price that defendants would receive for the property by disposing of its apartments upon a capitalization not controlled by the State Residential Rent Law. This is said to be an evasion of the purposes of the act. Plaintiffs should have the right to test out the question as to whether the co-operative scheme proposed by the defendants is a device to evade and circumvent the emergency rent control laws intended for the protection of tenants. We do not now decide that question, which is reserved until after a trial.

If it be assumed that by such a procedure statutory tenants can be evicted unless they elect to become purchasers in the co-operative corporation proposed to be organized, there are questions as to whether the tenants and other prospective purchasers have been adequately and properly informed of the nature of defendants' promotion and of just what is being offered. For example, the plan rather loosely refers to a " Seller ", without making it precisely clear who the seller is and what he is selling. It is stated that " The apartments and the shares of stock allocable thereto " are being offered for sale, and the purchase agreement provides that the purchaser agrees to purchase from the seller shares of capital stock, without specifying of what corporation. As we understand it, the apartments are not being sold, and not even is stock being sold, because the stock contemplated is in a co-operative corporation which is not in existence. We assume the " Seller " referred to is the defendants, but they have no stock to sell. What they are trying to sell is real estate.

It would seem that in a matter of this kind, where the co-operative is not in existence and neither stock in the co-operative nor apartments can be sold, there should be clear statements of just what the situation is. The truth of the matter, as we glean it, is that the owner of the building wants to sell the building to a co-operative corporation to be formed, and in order to consummate the sale the owner wants the tenants in the building to agree to purchase stock in the co-operative to be formed, their purchase money to provide the capital by

which the co-operative corporation will purchase the property from defendants. When, as and if the co-operative is formed and the tenants purchase stock, they will be buying it from the co-operative corporation as seller. At the moment, however, the only sellers are the defendants, and they are selling neither stock nor apartments.

The tenants have such an interest in the matter as to entitle them to court consideration and declaration of the sufficiency of defendants' presentation of the plan.

The complaint asks for a declaratory judgment as well as for an injunction. Regardless of whether plaintiff may be entitled to injunctive relief, we think that they are within their rights in applying for a declaratory judgment in order to ascertain, by a determination binding upon the parties, the nature of their rights and liabilities before making the irrevocable decision, which defendants are forcing upon them, whether to become purchasers of these apartments under the new plan or to remain as statutory tenants running the risk of being evicted after two years under subdivision 3 of section 55.

Before deciding this important question, there should be a trial which will develop more facts than are presented by the record on appeal from this order, which is addressed to the sufficiency of the complaint. Upon this appeal we hold merely that the complaint states a cause of action for a declaratory judgment before plaintiffs are put to the necessity of making such an election. The injunctive provisions in the order appealed from are in aid of the declaratory judgment which is sought, and merely prevent plaintiffs from being obliged to make an election before a declaratory judgment is rendered.

The order appealed from should be affirmed, with $20 costs and disbursements to respondents.

PECK, P. J., DORE and COHN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents. [See *post,* p. 893.]