In the Matter of EDWARD E. HOENIG, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, and EDNA W. STRASSER, Intervener, Respondent.

In the Matter of DOREEN L. CAESAR, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, and SHIRLEY K. BERNSTEIN, Intervener, Respondent.

In the Matter of DOUGLAS G. BONNER, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, and VICTOR KIAM, Intervener, Respondent.

*Per Curiam.* This is an appeal from a final order in a proceeding under article 78 of the Civil Practice Act, which confirmed determinations of the Rent Administrator authorizing the issuance of eviction certificates against statutory tenants of separate dwelling units in a co-operative building. This building was recently organized as a co-operative. On the date of filing of the applications for eviction certificates, 80% of the dwelling units in the structure were occupied by tenants who were entitled to proprietary leases of dwelling units by reason of stock ownership. These applications were made in compliance with the requirements of paragraph (c) of subdivision 3 of section 55 of the Rent and Eviction Regulations of the Temporary State

Housing Rent Commission, as they existed at the time when these eviction applications were filed. It is not necessary to consider whether this would be true under the amendments to these regulations effective November 1, 1951.

Without discussing at length all of the contentions in the voluminous briefs which have been submitted upon these appeals, it is sufficient to note that the fundamental question concerns whether section 55 of the Rent and Eviction Regulations concerning co-operative corporations or associations, is a valid exercise of power. Attention has been called to the circumstance that such co-operatives are not specifically mentioned in the text of the State Residential Rent Law, and that the clause in paragraph (b) of subdivision 3 of section 55 of the regulations, authorizing the issuance of an eviction certificate where the stock in a co-operative applicable to the particular dwelling unit has been acquired by the owner of the apartment more than two years prior to the date of the filing of the application, signifies that statutory tenants may be removed two years after the organization of such co-operatives without further protection from the emergency rent law. That, it is claimed, may be a forceful circumstance resulting in the acquirement by 80% of tenants in possession of proprietary stock ownership under paragraph (c).

Attention has been called to our statement in *Judson* v. *Frankel* (279 App. Div. 372, 373–374), that there is uncertainty "whether such a plan can be capitalized except upon a valuation previously approved by the Rent Commission." We expressly refrained from ruling upon that question on the *Judson* appeal (*supra*), which concerned the sufficiency of a complaint that sought to enjoin a co-operative program upon this and other grounds. We reserved the question above mentioned until after a trial, but the controversy in that action was disposed of without a trial.

The Rent and Eviction Regulations of the State Rent Commission contain no requirement that the Rent Administrator shall approve the valuation at which a co-operative plan is to be capitalized. Neither has jurisdiction to do so been conferred upon the Supreme Court, unless valuation of the property be necessary in considering the propriety of injunctive relief by reason of other aspects of a plan. The courts cannot insert into the statute or regulations a requirement that the valuation of real property shall be controlled for the purposes of plans for co-operative apartments. The only relevance which the absence of such a provision in the regulations has, concerns whether these regulations are a valid exercise of the power conferred upon the Rent Commission by the Legislature. The test would appear to be whether the regulations carry out the purposes of the statute, or exceed its purposes or conflict therewith. We conclude the more readily that paragraph 3 of section 55 of the regulations is valid, in these respects, for the reason that these regulations have been ratified by the Legislature except to the extent that they may be inconsistent with the State Residential Rent Law (L. 1951, ch. 443). They appear to supplement the statute without contradicting it.

We hold that these regulations and the statute have been complied with in this instance, and that there was consequently no lack of power on the part of the Rent Administrator to issue the certificates of eviction which are under review. The other grounds raised by appellants need not be considered, in view of their delay in raising them until after proprietary stock in the co-operative had been purchased by the owners of so many of the dwelling units.

The order appealed from should be affirmed, with one bill of $20 costs and disbursements to respondents.

Peck, P. J., Callahan, Van Voorhis and Breitel, JJ., concur.

Order unanimously affirmed, with one bill of $20 costs and disbursements to the respondents.