In the Matter of DORIS HUTCHINS, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.— Proceeding pursuant to article 78 of the Civil Practice Act, to review and set aside orders of the State Rent Administrator determining that apartments in a remodeled house owned by petitioner are subject to control and fixing maximum rents. Order granting application and vacating the determinations of the Administrator and denying his two consolidated cross motions to dismiss the proceeding, in part, as untimely, unanimously affirmed, with $10 costs and disbursements. The State Residential Rent Law (§ 2, subd. 2, par. [g], as amd. by L. 1950, ch. 250, as amd.) and subdivision 5 of section 9 of the Rent and Eviction Regulations of the commission, in conformity therewith, unqualifiedly provide for decontrol of additional housing accommodations created by conversion between February

1, 1947, and May 1, 1950. It is undisputed that the apartments in question come within this category so decontrolled. It is immaterial, therefore, that the converted apartments were subject to Federal rent control prior to May 1, 1950, and were without private bath. Subdivision (c) of section 36 of the regulations, providing for control where no registration statement had been filed as required by the Federal act, is inapplicable. It is expressly provided in section 9 of the regulations that they shall not apply to the decontrolled housing within its scope, which, under subdivision 5 thereof, includes the accommodations under review. In any event, subdivision (c) of section 36 of the regulations must be construed as excepting the decontrol provisions of the rent law. The regulations, to be valid, must be consistent with the rent law. (*Matter of Nadler* v. *McGoldrick*, 278 App. Div. 851, affd. 303 N. Y. 742; *Matter of Hoenig* v. *McGoldrick*, 281 App. Div. 663, 664.) It was within the province of the court to deny the motion to dismiss so much of the proceeding as sought review of the order of September 30, 1952. In addition to other factors warranting denial, the Administrator claims that a copy of the order was mailed to the attorney for petitioner, whereas the stamped notation on the order is to the effect that it was mailed to petitioner. No address is set forth by the Administrator as that to which the copy was mailed and there is no affidavit by anyone to the effect that he mailed the copy of the order. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ. [See *post*, p. 1046.]