In the Matter of PHILIP W. RANSOM, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.

Fourth Department, November 18, 1953.

*Esmond D. Murphy* and *James R. Ulsh* for respondent.

*Marvin M. Marcus* for Isobel Ostrander, intervener, respondent.

*Emory Gardiner* and *Robert H. Schaffer* for appellant.

McCURN, P. J. This is an appeal from an order of the Special Term annulling the determination of the State Rent Administrator which established a maximum rent of an apartment contained in a building at 255 West North Street in the city of Buffalo.

In 1942 the entire premises had been registered under the Federal housing and rent act at a rental of $80 per month. In July and August of 1949 certain alterations had been made in the premises which were thereafter rented to two separate tenants as separate units or apartments, a rooming house being conducted in each of the separate apartments. Apartment num-

ber one involved in this proceeding was thereafter leased at a monthly rental of $225 per month plus one half of the gas and electric bills over and above $30 per month.

There had been no order of decontrol under the Federal act prior to May 1, 1950, the effective date of the New York State Residential Rent Law (L. 1946, ch. 274, as amd.). Section 4 of the State act, under the heading "General powers and duties of the commission", provided that the commission should establish maximum rents for housing accommodations outside of the city of New York which were established on March 1, 1950, pursuant to the Federal act. Section 14 (L. 1946, ch. 274, as added by L. 1950, ch. 250) of that act provides: "Intent. 1. It is the intention of this act to subject to control only those housing accommodations, as that term is defined herein, which were subject to rent control and for which a maximum rent was in effect on March first, nineteen hundred fifty pursuant to federal or local laws * * *." The act (§ 2) exempts "additional housing accommodations created by conversion on or after February first, nineteen hundred forty-seven".

The State Rent Commission established a regulation (Rent and Eviction Regulations, § 9, subd. 5) implementing section 2 of the State act as follows: "Section 9. *Housing accommodations not subject to rent control.* * * * 5. Additional housing accommodations created by conversion, consisting of a structural change in housing accommodations involving substantial alterations and remodeling, on or after February 1, 1947, and prior to May 1, 1950, outside the City of New York".

The above regulation implementing the State act is substantially the same as the corresponding regulation implementing the Federal act.

It is urged here that the mere fact that prior to May 1, 1950, alterations had been made so that the premises were being operated as two units instead of one established decontrol under both the State and Federal statute and that the State Rent Administrator was bound to accept such status of decontrol and was without power or jurisdiction to examine into the facts and circumstances of the alleged conversion in July and August of 1949. The Special Term in effect so held.

As we read the statute and the regulations, decontrol is accomplished only by such conversion as results from structural change involving substantial alterations and remodeling and which create additional housing accommodations. Obviously the object of decontrol where additional housing accommoda-

tions were created by conversion was to encourage landlords to make such conversions as would result in additional housing accommodations and thus help to alleviate the housing shortage. The requirement of structural change involving substantial alterations as provided for by the regulations under both the Federal act and the State act is an important element in any conversion designed to bring about decontrol. Otherwise decontrol could be easily acquired without fulfilling the design of the statute. When the present controversy reached the State Rent Administrator it became necessary to determine whether the status of the property in question was that of "control" or "decontrol" on May 1, 1950, when the State rent act became effective. We are of the opinion that it is implicit in the act that authority to make such determination resided in the first instance, at least, with the administrator as a part of his power and duty to administer the statute. It was for the administrator to determine from his investigation and from the facts presented to him by the interested parties whether or not the changes and the alterations effected in July and August of 1949, constituted structural changes involving substantial alterations within the purview of the statute and the regulations of the State Rent Commission. The administrator found "both upon the inspection reports and all the other evidence of record, that the subject accommodation was not created by conversion consisting of a structural change in housing accommodation involving substantial alterations and remodeling."

We may not on this review set aside the order of the administrator "unless the petitioner shall establish to the satisfaction of the Court that the regulation or order is not in accordance with law or is arbitrary or capricious." The record discloses that the administrator had before him the petition of the landlord setting forth his objections and the answer and the affidavit of the tenant and the reports of the two inspectors, each of whom inspected the premises. There was no further evidence offered before the Special Term and from our review of the evidence presented to the administrator, we conclude that the determination is not arbitrary or capricious and that it has a reasonable basis in law (see *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108, and *Matter of Park East Land Corp.* v. *Finkelstein*, 299 N. Y. 70, 75).

The decision in *Matter of Hutchins* v. *McGoldrick* (282 App. Div. 945) does not as we view it hold otherwise. There the Rent Administrator states in his brief: "the record reveals

that the petitioner became the owner of the subject premises, a boarded-up one-family dwelling containing sixteen rooms on November 16, 1949. By March 1, 1950, substantial alterations were made which resulted in the creation of ten separate housing units, each containing a living-room, bedroom and kitchen." The question of whether the additional housing accommodations were created by conversion consisting of structural change involving substantial alterations was not present.

The order of the Special Term should, therefore, be reversed and the determination of the Rent Administrator confirmed.

All concur, except VAUGHAN and PIPER, JJ., who dissent and vote for affirmance in the following memorandum: We think the administrator had no authority to examine into structural changes to determine whether or not "additional housing accommodations" had been created by the conversion from a one family unit to a two family unit. The conversion having been made after February 1, 1947, and prior to May 1, 1950, the premises were exempt from regulation by the clear and unambiguous language of the statute. (See *Matter of Hutchins v. McGoldrick,* 282 App. Div. 945.) Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law, without costs of this appeal to either party and determination of the State Rent Administrator confirmed.