■ In the Matter of FOUR MAPLE DRIVE REALTY CORP., Appellant, against CHARLES ABRAMS, as State Rent Administrator, Respondent, and HAROLD KELLY and Seventy-four Other Tenants Similarly Situated, Intervenors-Respondents.— On June 9, 1955 the owner of an apartment house filed an application with the local rent administrator at Hempstead, New York, for an adjustment of maximum rents pursuant to section 4 (subd. 4, par. [a], cl. [1]) of the State Residential Rent Law (L. 1946, ch. 274, as amd.) hereinafter called the Rent Law. The landlord asserted that it was entitled to a net 6% return of the assessed valuation of the property, properly adjusted by applying thereto the ratio which such assessed valuation bore to the full valuation as determined by the State Board of Equalization and Assessment. The current ratio established in 1954 by this board for property in the area was 49%. If this 49% ratio is applicable, appellant will apparently be entitled to very substantial increases in the maximum rents. The local rent administrator held that the rate to be applied was 100%, the rate established in 1953 pursuant to section 33 (subd. 5, par. a) of the Rent and Eviction Regulations, which was amended to conform to section 3 of chapter 141 of the Laws of 1954. He held that it was unnecessary to pass on factual issues raised by the tenants since the landlord would be entitled to no adjustment under that regulation and denied the application. The State Rent Administrator, holding that the protest filed by the landlord was timely and would be considered on the merits, denied the protest and affirmed the orders of the local rent administrator. In this proceeding pursuant to article

78 of the Civil Practice Act, to review the determination of the State Rent Administrator, the landlord prays for the following relief: (1) annulling the orders of the respondent, (2) directing him to grant the application for an increase in maximum rents (based on the 49% rate established in 1954) and for such other and further relief as to the court might seem just and proper. The petition asserted that section 3 of chapter 141 of the Laws of 1954 was unconstitutional. The appeal is from the order dismissing the proceeding. Order unanimously affirmed, without costs. Upon this record, the contention of the intervenors-respondents (tenants) that the protest was not timely cannot be sustained (see, e.g., *Matter of Hutchins* v. *McGoldrick*, 282 App. Div. 945, affd. 307 N. Y. 78). They contend that appellant did not claim in its protest that section 3 of chapter 141 of the Laws of 1954 was repealed by chapter 685 of the Laws of 1955, which amended and re-enacted the Rent Law, and therefore may not raise such objection now (see, e.g., *Matter of La Russo* v. *McGoldrick*, 283 App. Div. 720). Upon this record that contention must be overruled (State Residential Rent Law, § 9). In our opinion, section 3 of chapter 141 of the Laws of 1954 was not repealed by chapter 685 of the Laws of 1955. The 1955 Legislature must have known that a repeal of section 3 of chapter 141 of the Laws of 1954 would have drastic effects upon rents in some areas (1954 New York State Legislative Annual, p. 111). An intentional repeal of that section is not consistent with the statement in the " Declaration and findings" and with the provision governing the adoption of regulations (State Residential Rent Law, §§ 1, 4, subd. 4, par. [a]). It does not seem logical that the Legislature, by failing to refer to the 1954 statute when it enacted the 1955 Rent Law, which was intended to continue the prevention of abnormal rent increases, inflationary pressures, dislocation and hardship, intended to repeal section 3 of the 1944 statute (2 Sutherland on Statutory Construction [3d ed.], § 4702). If there were doubts on that issue, the doubts would be resolved and removed by a study of the history leading to the enactment of the 1955 statute. The legislative history of the Rent Law since its first enactment in New York, the memorandum of the State Board of Equalization and Assessment recommending the enactment of chapter 141 of the Laws of 1954 (1954 New York State Legislative Annual, p. 111), the Governor's message to the Legislature on January 20, 1955 (1955 McKinney's Session Laws of New York, pp. 1580–1582) and the functions of the State Rent Commission preclude a conclusion that the 1955 Legislature did not know what drastic results would follow a repeal of section 3 of the 1954 statute or that it would impliedly repeal that section without making an unequivocal reference to such repeal. If appropriate and necessary, consideration could be given to the legislative history in 1955 of the Rent Law prior to its adoption by the Legislature (see, e.g., *Schwegmann Bros.* v. *Calvert Corp.*, 341 U. S. 384, and *Woollcott* v. *Shubert*, 217 N. Y. 212). In the search for legislative intent, the court is not required to ignore the Governor's message, interpreting and construing the Rent Law, at the time he approved the law (1955 McKinney's Session Laws of New York, pp. 1650–1652) which was of such public and political importance and in which he was actively interested while it was pending in the Legislature. In exercising his power to approve or veto legislation, the Governor performs a legislative function (*Teeval Co.* v. *Stern*, 301 N. Y. 346, 362). In our opinion, section 3 of chapter 141 of the Laws of 1954 and the regulation adopted pursuant thereto are valid and constitutional. The mere fact that legislation does not affect all areas uniformly does not render it unconstitutional (*Farrington* v. *Pinckney*, 1 N Y 2d 74). Instead of defeating, it may furnish the necessary means of giving that equal protection to all persons

which is constitutionally required (*Hayes* v. *Missouri*, 120 U. S. 68, 72). Classification is permitted without doing violence to the equal protection of the laws when it is reasonable and based upon some real and substantial distinction, bearing a reasonable and just relation to the matters in respect to which the classification is imposed (*Truax* v. *Corrigan*, 257 U. S. 312, 337). Although emergency legislation enacted in the exercise of the State's inherent police power does not have a uniform effect throughout the State, such law is not unconstitutional when the challenged classification is obviously justified (*Teeval Co.* v. *Stern*, 301 N. Y. 346, 361, *supra*; *Marcus Brown Co.* v. *Feldman*, 256 U. S. 170). Respondent argues that the attack on the constitutionality of the statute cannot properly be made here but only in a plenary proceeding. The Rent Law and the regulations provide that no order increasing the maximum rent shall be effective prior to the date on which the order therefor is issued (State Residential Rent Law, § 4, subd. 6; Rent and Eviction Regulations, § 32). However, when the State Rent Administrator grants a protest and overrules an order of the local rent administrator, or the local rent administrator, pursuant to a direction and remand of the court, changes his prior determination, the new order increasing the maximum rent can be made effective as of the date of the first order of the local rent administrator (*Levy* v. *1165 Park Ave. Corp.*, 305 N. Y. 607; *Matter of Macan Estates* v. *McGoldrick*, 281 App. Div. 810, affd. 305 N. Y. 876). If the statute and regulation were unconstitutional, substantial injustice would be inflicted upon a landlord if he were required to obtain a judgment declaring them unconstitutional in an action instituted solely for that purpose before he would be entitled to an order of the administrator adjusting the maximum rents on a basis that the statute and regulation were unconstitutional. With the issue of unconstitutionality squarely raised in the protest and in the petition, the court may consider this article 78 proceeding as one in the nature of mandamus, or as including a proceeding in such nature, to direct the State Rent Administrator to disregard an alleged unconstitutional statute and regulation and grant the relief to which the petitioner would be entitled if they were unconstitutional (*Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164, 174; *Toscano* v. *McGoldrick*, 300 N. Y. 156, 161–162; see, e.g., *Matter of Cherry* v. *Brumbaugh*, 255 App. Div. 880). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.