William C. Hecht, Jr., J.
Petitioner, owner of premises at 1160 Park Avenue, purchased for $1,035,000 on April 30, 1952, applied for a rent increase. Prior increases of the maximum rent had been granted to the previous owner in 1951, and to petitioner in May, 1955. The valuation figure employed by the Administrator in connection with the May increase was $1,035,-000, the price paid for the property. The subsequent application was likewise determined on the basis of the valuation of $1,035,000.
Petitioner contends that the Administrator had no discretion to disregard the higher assessed value of $1,275,000 because amendment 50 modified the State Rent and Eviction Regulations (§ 33, subd. 5, par. a) by adding a provision forbidding the use of any value other than the assessed value, if a sale of the property had been preceded by an adjustment of the maximum rent. The Administrator contends that said amendment was intended to apply only to a case where the sale price is greater than the assessed valuation, not to a case, such as this, where it is less. It is unnecessary to consider whether the literal wording of amendment 50 may be disregarded and the Administrator’s intentions given effect, for, in Matter of 340 East 57th St. Corp. v. Weaver (3 Misc 2d 356), that amendment has been held void as contravening the rent control statute. By the express terms of the statute the Administrator is vested with discretion to disregard the assessed value in a case "where there has been a bona fide sale of the property after March 15, 1951. There is *1014 no showing that the Administrator’s adoption of the sale price, in the exercise of his statutory discretion, was without reasonable basis or justification. In the circumstances, this court may not substitute its judgment for that of the Administrator.
Additional errors are claimed to have been committed by the Administrator. The claim that wage increases which had not been granted until after the issuance of the order of the local rent office should have been allowed is overruled (see memorandum filed in Matter of 340 East 57th St. Corp. v. Weaver [supra]).
There is no satisfactory explanation given by respondent for his refusal to allow 1% of gross collections in lieu of leasing commissions, in conformity with the practice heretofore followed by him and provided for in his Manual of Internal Procedure.
On the record, however, it cannot be said that the determination of the Administrator with respect to legal and accounting fees was arbitrary or capricious.
Settle order in conformity with the foregoing.