George Tilzer, J.
Petitioner seeks to review an order of the State Bent Administrator which denied an application for an increase of rent pursuant to the 6% return formula. The premises in question were purchased on April 1,1955.
In determining this- application under section 4 (subd. 4, par. [a], cl. [1]) of the State Residential Rent Law, the Administrator used the current assessed valuation as the value of the property. An exception exists to the use of the current assessed valuation * ‘ where there has been a bona fide sale of the property within the period between March fifteenth, nineteen hundred fifty-three, and the time of filing of the application, as the result of a transaction at arms ’ length, on normal financing terms at a readily ascertainable price and unaffected by special circumstances such as a forced sale, exchange of property, package deal, wash sale or sale to cooperative ”.
The Administrator refers to and relies upon those cases decided under the prior wording of the statute which made it incumbent upon him to accept the assessed valuation except in four situations. Although the statute as presently worded makes the sales price conclusive, the Administrator asserts that the amendment to the law would not alter his determination in the present case. Here, the petitioner is not the owner of the premises but a prime lessee for a period of 25 years. Such petitioner, in the Administrator’s view, was not a party to the sale and may not utilize the sales price paid by the owner. Such sales price, in the Administrator’s opinion in any event, reflected an inflated property value based upon the lease with this petitioner and warranted the Administrator in disregarding the sale as affected by “ special circumstances ”.
Despite the arguments advanced by the Administrator, it nevertheless appears that the basis of his determination was not that the sale was not bona fide but that the assessed valuation ‘ ‘ best reflected the true value of such property ’ ’. Granted the Administrator’s laudable purpose to prevent “ the cycle of inflation thus generated ”, he nevertheless has no discretion to fix the valuation upon the assessment where there has been a bona fide sale of the property after March 15, 1953 (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [1]). The fact of a favorable lease by the owner in and of itself is not such a special circumstance justifying a disregard of a sale. Of course, if it should appear that the sales price and the leasing agreement were but part of an entire transaction designed to lay the ground *1002 work for a rent increase, the Administrator might be warranted in the use of the assessed valuation figure.
The fact that the petitioner herein is the lessee of the property does not bar it from applying for and obtaining a rent increase. The act defines a landlord who may file an application to increase the maximum rent as ‘' An owner, lessor, sublessor, assignee, or other person receiving or entitled to receive rent for the use and occupancy of any housing accommodation ”. (§ 2, subd. 6.)
In refusing to accept the sales price as the basis for valuation And in denying a hearing or examination of the facts which petitioner attempted to adduce as a basis for its requested increase, the Administrator’s action was illegal, unreasonable and arbitrary. Consequently, the proceeding is remanded to respondent for action consonant with the foregoing.
Settle order.