Aron Steuer, J.
Petitioner seeks to review a determination of respondent Rent Administrator. Petitioner, the owner of the premises 419 East 57th Street, made an application for a rent increase under the provisions of the act and regulations allowing for a 6% net annual return. In making his calculations, the respondent used the assessed valuation of the property as his base figure. It is petitioner’s contention that he should have used the purchase price paid by petitioner.
The statute (State Rent and Eviction Regulations, § 33, subd. [5]) provides that the valuation to be used is the assessed valuation unless there has been a bona fide sale of the property since March 15, 1953, in which event that sale price is to be used. A bona fide sale is defined in the section as one at arm’s length, on normal financing terms, at a readily ascertainable price and unaffected by special circumstances such as, among other examples, a package deal.
Respondent refused to use the sale price on the grounds that the sale was not at arm’s length and was a package deal. The facts basing the latter conclusion were that the sale included the sale of a small adjoining property, which was purchased as a light protector. It is clear from the statutory definition that the provision against a package deal is included for the same reason that a sale at a price not readily ascertainable is *62 excluded. Such transactions by the variable factors involved allow the parties to the sale to assign arbitrary values to particular units. The question arises whether in a situation where it is demonstrable that this was not done, the respondent is arbitrary in rejecting the sales price.
Prior to 1957 the use of the sale price or assessed valuation was discretionary with the Administrator. But even then it was held that it was an abuse of discretion to reject the sale price if it was bona fide (Matter of 340 East 57 St. Corp. v. Weaver, 3 Misc 2d 356, affd. 2 A D 2d 678, affd. 2 N Y 2d 799). The present statute makes the sale price mandatory (Matter of Management Holding Corp. v. Weaver, 10 Misc 2d 1000). But it is only mandatory if the sale is bona fide within the statutory definition. A package deal is excepted but there is no definition of that term and obviously the Administrator must determine in each case whether the transaction is or is not a package deal within the intention of the statute. A purchase which includes a relatively insignificant plot to be used in connection with the main purchase and is subsidiary to it and where its price can be readily ascertained and deducted from the purchase price is not a package deal within the meaning of the statute and the rejection on that ground would be arbitrary.
The use of the sale price was also rejected on the ground that the sale was not at arm’s length. It appears that stockholders of the purchasing corporation who, with the interests associated with them, had in 1935 owned mortgage bonds on the premises. They sold these bonds but in some way retained a 35% interest in any profit that might be realized on the sale of the building. And on the purchase, they received from the seller their share of the profit. On the admitting of these facts and the closing statement which verified them, respondent concluded that this was not an arm’s length transaction and refused petitioner’s request for a hearing.
Petitioner on this motion has submitted, proof, presumably what it hoped to prove in the hearing requested. This is to the effect that the seller refused a higher offer for the property in order to make the sale to the petitioner. This unexplained fact would have a doubtful result. While it would tend to show that the price paid was not a false and exorbitant figure injected in the agreement to become a basis for rent increases, it would also tend to show that the purchasers exerted some influence on the sellers to make them favor the purchasers to their own disadvantage. This would show an element, at least, to mitigate against the contention of a bona fide sale.
*63 The decision was the respondent’s to make. The relationship shown might induce a determination either way. Nor would that determination necessarily be affected by the evidence which it is claimed would be adduced at a hearing. The denial of the hearing was therefore not arbitrary, as was also the main determination.
Motion denied.