Jacob Markowitz, J.
Petition to review the determination of the Rent Administrator denying petitioner’s protest.
Petitioner, a landlord, had applied on June 11, 1958, for permission to increase maximum rental on certain apartment units on the ground that it was not earning a 6% return on the value of the property. On February 10, 1959, orders were *610 issued retroactive to August 12, 1958 (the administrative “ cutoff ” date, two months after the filing date) granting certain increases. Petitioner assigns as error, however, the following: (a) the adoption by the Administrator of the 1957-58 equalized assessed valuation of the property of $1,005,134.63 rather than the 1958-59 equalized assessed valuation of $1,056,701.03; (b) the disallowance of a retroactive wage contract as a projected expense in effect on the “ cut-off ” date; (c) the attribution of a 20-year amortization period to newly constructed apartments rather than 10 years; and (c) the attribution of a 15-year amortization period to coin-operated washing machines instead of 6 years.
As for the petitioner’s first objection, it is clear that the statutory direction as to valuation is limited to the ‘1 current assessed valuation * * * which is in effect at the time of the filing of the application for an adjustment * * * properly adjusted by applying thereto the ratio which such assessed valuation bears to the full valuation as determined by the state board of equalization and assessment” (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd.). Except in certain specified situations, none of which eoncededly is applicable here, no discretion is given the Administrator to deviate from the current valuation. While it may be true, as petitioner contends, that the later assessed valuation is more realistic, the application herein was filed approximately three weeks before the commencement of the fiscal year, to wit: July 1, 1958-June 30, 1959, to which the new valuation was applicable. Had petitioner waited, it could have availed itself of the new valuation figure. Having chosen not to do so, it cannot prevail upon the Rent Commission to exercise discretion, not granted to it by the Legislature. Petitioner’s reliance on Matter of Birrell (Goldman) (13 Misc 2d 165) in support of its argument is untenable. That case involved application of the Business Rent Law (L. 1945, ch. 314, as amd.) which specifically provides that the ‘ ‘ latest completed assessment roll ” shall he used as presumptive evidence of fair value of the premises. Petitioner’s redress is with the Legislature and not in its administrative creature.
As to petitioner’s second objection, it appears that on February 1,1958 it entered into a wage agreement with the Building Service Employees International Union, Local 32E, in which it bound itself to make retroactive to that date any increase granted the following September by the Bronx Realty Advisory Board. Such increases were in fact granted in September and retroactively instituted by petitioner. It is the policy of the *611 Bent Commission as outlined in its “ Accounting Procedures & Practice ’ ’ manual, a publicly distributed publication, that in processing applications such as the one involved herein, to permit projection of wage costs “where there are wage-rate increases resulting from a collective bargaining agreement executed prior to the ‘ cut-off ’ date ’ The collective bargaining agreement was executed subsequent thereto. It has been held that administrative practice of such a nature was reasonable since its purpose was to obviate the necessity of making an increased number of minute calculations on the basis of facts occurring after a “ cut-off ” date (Matter of 340 East 57th St. Corp. v. Weaver, 3 Misc 2d 356, 363, affd. 2 A D 2d 678). In the instant case, despite petitioner’s contractual obligation as to the retroactive date of the wage increase, the fact remains that the increases resulted from a separate agreement between the union and the Bronx Realty Advisory Board negotiated and executed after the “ cut-off ” date. In such situation, the Administrator’s action cannot be held to be unreasonable.
Petitioner’s third and fourth objections with respect to amortization practices are without merit. There is nothing in the record to show that the periods attributed for amortization are unfair (Matter of Philip-Toby Realties v. Weaver, 8 A D 2d 206) or contrary to standard accounting procedures. Petition is in all respects denied.