Jacob Markowitz, J.
In this third article 78 proceeding, petitioner -seeks review of the refusal of the Rent Administrator *528 to treat the three buildings here involved as a single unit for the purposes of obtaining increases under the statutory 6% net return formula. Permission has been granted to the Metropolitan Fair Bent Committee to file a brief as amicus curia. (State Residential Rent Law, § 4, sub. a, par. 1; L. 1946, eh. 274, as amd.)
The three buildings were purchased at a single purchase price without allocation of cost to each building. The purchase price was $1,200,000 including $350,000 cash, subject to two existing mortgages totalling $850,000. Both mortgages covered the entire property. They were purchased as a single unit, were and are operated and managed as a single enterprise and are serviced by the same staff. The three buildings, known as 24 Central Park South, 21 West 58th Street and 27 West 58th Street, are contiguous and consist of a 12-story elevator building containing 74 apartment units, a 6-story elevator building containing 31 units and a 4-story walk-up containing 5 units. The two larger buildings have common heat and hot-water facilities and a connecting hallway, and all three, as heretofore stated, are jointly managed. In addition, the area over the smallest building is used for air and light in regard to the adjoining buildings.
In applying the so-called 6% formula, the aforesaid statute requires that where property has been acquired through a bona fide sale at arm’s length, on normal financing terms, at a readily-ascertainable price, since March 15,1953, the sales price, rather than the assessed valuation, must be used, provided the sale is ‘ ‘ unaffected by special circumstances such as a forced sale, exchange of property, * * * package deal * * * wash sale, or sale to a co-operative ”.
There appear to be no legislative guides with respect to defining a package deal. It is apparent that the ‘ ‘ package deal ’ ’ provision is but one of several “ special circumstances ” which might affect the purchase price of property. The others are “ forced sale”, “exchange of property”, “wash sale”, and “sale to a co-operative ”. The factor common to all of these is either the total lack of, or the probable artificial nature of, the price — and the lack of a normal market price. The Legislature did not want rents to be fixed on the basis of prices that could be manipulated or which were not governed by the usual bargaining conditions of the open market. This is consistent with its requirement that a sale be “bona fide”, at “arm’s length ”, etc.
The Administrator, thus, in the exercise of discretion, must determine in each individual ease whether the transaction comes *529 within the purview of the statute. So long as the Administrator’s determination has basis in reason, it cannot be disturbed (Matter of Realty Agency v. Weaver, 17 Misc 2d 61, affd. 8 A D 2d 773). It is the Administrator’s contention that the transaction herein is a package deal, and, therefore, is such a special circumstance requiring the use of the assessed valuation of each parcel, which totals $970,000, as the base, instead of the sales price. The Administrator also contends that he is precluded by the controlling statute from accepting the sales price as a base, even though the price paid therefor may have been reasonable.
It is urged by petitioner and the Metropolitan Fair Kent Committee that it was the intent of the Legislature, in excluding package deals, to avoid manipulation possibly affecting the purchase price in such transactions. And if it can be demonstrated that the transaction here was such as to indicate that there was no manipulation of the price, the Administrator must ignore the statutory provision.
The fact is that special circumstances must be present indicating that the sales price does not reflect true value and the transaction was a package deal as contemplated by the statute. This has not been established, nor even has any inquiry been addressed thereto.
It is not conceivable that, in enacting the section here involved, the Legislature intended to penalize bona fide transactions merely because a separate deal is not made for each individual unit and that every purchase involving more than one unit automatically made the transaction and price a package deal.
It is only those instances where the sale price is affected by circumstances resulting in distorted values that the statute is designed to protect against.
So long as the price for each unit is ascertainable, it must be used as the base figure for the 6% computation (Matter of Realty Agency v. Weaver, supra). The mere fact that some computation might have to be made properly allocating the total price to the units involved is not of itself sufficient to withhold the statutory benefit.
It follows that the Administrator’s determination does not meet the standard set forth in Matter of Realty Agency v. Weaver (supra) and thus should not be sustained.
The petition is, therefore, granted, and the matter is remanded to the respondent for action consistent with this decision.