Vincent A. Lupiano, J.
Petition to review the determination of the Administrator denying petitioner’s applications for rent increases based upon the statutory 6% formula incorporated in subdivision 5 of section 33 of the State Rent and Eviction Regulations.
It appears that under the “ cut off date ” procedure instituted by the Legislature, orders pursuant to applications such as those made herein, if not issued within two months after the filing of such application, become effective retroactively as of the date which is two months subsequent to the filing. (Emergency Housing Rent Control Law [L. 1946, ch. 274, as amd.], § 4, subd. 6.) Consequently, the commission’s Manual of Accounting Procedures and Practice was revised prohibiting landlords from supplying any information concerning increased expenses or changes in the rental income after the aforesaid two months’ period has elapsed. (Manual of Accounting Procedures and Practices, Operational Bulletin 20.)
*320 In the instant case, the commission concecleclly took into consideration changes in the rental income after the expiration of the two-month period primarily because of the two units involved, one which was not available for rental at the time of the application, and the other which then had a token rental of $1 due to violations imposed, thus giving “ a distorted view of said (rental) income by omitting entirely the rental value of the two aforementioned units.” Petitioner’s applications were accordingly denied. Contrary to petitioner’s, contentions, however, the commission’s actions have no semblance of being arbitrary, capricious or otherwise contrary to law.
Pursuant to legislative intent each owner of housing accommodations is entitled to a minimum net annual yield of 6% on the valuation of the property (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1]). In order to facilitate processing of applications filed under this section, accounting practices were adopted by the Rent Commission with the purpose of obviating “ the necessity of making an increased number of minute calculations on the basis of facts occurring after the issuance of the order by the local rent office.” (Matter of 340 East 57th St. Corp. v. Weaver, 3 Misc 2d 356, 363, affd. 2 A D 2d 678.) However, where it appears that unusual circumstances are present whereby post cut-off date factors so substantial^ alter the outcome that they can no longer be characterized as ‘ ‘ minute calculations ’ ’, the failure of the Administrator to take them into account would be contrary to the purpose and spirit of the rent control laws.
In the case at bar, after it was determined that the absence from the market of the two rental units presented a distorted picture of the true financial position of the petitioner, it was entirely reasonable and proper for the commission to make allowances therefor. Based upon these allowances it was found that the minimum return to which by law the petitioner was entitled was exceeded. It cannot be said that under these circumstances such determination was arbitrary, capricious or had no basis in reason.
With respect to repairs, maintenance, replacements and improvements, thé Administrator’s findings are sufficiently supported, there being no showing that they are contrary to standard accounting procedures or unjust in the circumstances.
It is necessary also to take into consideration that although the return which the Administrator allowed to the petitioner is based upon an assessed value of $15,000, the petitioner recently purchased the property for $7,500 and expended in total repairs, including new fixtures, renovations, “ deferred maintenance and *321 removal of violations ” no more than the sum of $3,754.80. As to increased rentals allowed for apartment 1-E and a basement apartment (and the petitioner does not deny that he has been receiving $90 a month for apartment 1-E), the petitioner cannot have it both ways. It cannot take the benefit of these rentals or allowed rentals without having them included in his rental income. If there is any question about the basement apartment, for which the petitioner says he received only $35 per month, this is counterbalanced by the fact that the petitioner has been advantaged in other respects as hereinabove indicated. All in all, I am convinced that it has been justly treated and certainly there has been no arbitrary conduct or abuse of discretion by the respondent. Nor is the argument tenable that some tenants are carrying others. That argument might be worthy of some consideration if the petitioner were to reduce the rentals of those tenants who are, according to it, carrying the others in the event that increased rentals were to be allowed in the case of the lower rent apartments. I am sure, however, that the petitioner will not seriously contend that he will reduce rentals in some cases below those allowed by law if other rentals in the building are increased. The Administrator and the court are thus thrown back upon the necessity of considering the total rent derived from the building as a whole rather than the rent of each individual apartment. It may be, perhaps, that some tenants are getting extra value because of the operation of the rent control laws, value beyond that which they might receive in a free rental market, but the over-all administration of the Emergency Housing Rent Control Law makes this consequence inevitable. The rent of each apartment is determined by the rent paid on the freeze date and by the increases subsequently allowed by operation of law and in special situations. It is not possible for the Rent Administrator, nor is he permitted, to consider the fair value of each apartment apart from the applicable statutory prescriptions, considerations and limitations. No statute of this kind can be administered without reference to some arbitrary standard prescribed by law. Adherence to such standards does not make the conduct of the Rent Administrator arbitrary. He was not arbitrary here and I think that this petitioner, which purchased this property for a low price and with knowledge of all the circumstances, has been fairly treated and is receiving a fair return. The petition is, therefore, dismissed.