Jacob Markowitz, J.
Petition by certain tenants of the intervenor to review the determination of the Rent Administrator denying petitioner’s protest of an order granting a rent increase pursuant to the 6% annual return provisions of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.).
Petitioner’s challenge is made on the following grounds:
(1) The allowance by respondent in the calculations for the permitted adjustments of the cost of insurance premiums for a policy which became effective after the date of the application;
(2) the allowance as maintenance items, certain items which allegedly were for replacement and improvement, the cost of which should have been allocated over a period of years;
(3) excessive allowances for painting costs; and (4) the use of the purchase price as a basis for determining the net annual return rather than assessed valuation.
On the papers and record submitted herewith, it does not appear that any of the above challenges have any merit. The effective date of the insurance policy postdates the date of the application; this is of no consequence, since it is the 1 ‘ cut-off ’ ’ date, a date two months after the filing of the application, which is controlling here (cf. Matter of Fifty Mark Realty Co. v. Herman, 24 Misc 2d 609).
As for the repair and maintenance items and painting ebsts, aside from baldly stating that they are all replacement and improvement items or excessive in the case of the painting costs, petitioner offers nothing in support of its contentions. The record indicates, however, that after a detailed audit of these *309 items by respondent, determinations were made, disallowing certain items as repairs and maintenance costs and relegating them to capital improvements, and permitting others to remain. It does not appear that these determinations were arbitrarily, capriciously or unreasonably arrived at.
Finally, as for the use of the sales price in determining hardship, respondent is required by statute to adopt such price as a basis so long as the sale is bona fide and resulted from an arm’s length transaction, on normal financing terms at a readily ascertainable price unaffected by certain special circumstances (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd. by L. 1957, ch. 755, § 1). That the sale price was the proper basis is adequately supported by the record. The fact that the property was bought in anticipation of hardship increases is insufficient to deny hardship applications. The respondent has no authority to reject otherwise meritorious applications on that basis (see Matter of Florell Equities v. Weaver, 2 A D 2d 542, affd. 2 N Y 2d 982). Petition is dismissed.