Charles A. Loreto, J.
This is an application pursuant to article 78 of the Civil Practice Act to review a determination of the State Bent Administrator. The decision affects the rents of all apartments in the premises 419 East 57th Street, Manhattan. Petitioners are tenants of subject premises.
In 1957 subject building was sold to respondent-intervenor’s principal. Thereafter, the owners made application for a rent increase, pursuant to paragraph a of subdivision 5 of section 33 of the State Eent and Eviction Regulations of the Temporary State Housing Rent Commission, which provides for a 6% net annual return. In determining the base figure for calculating the net annual return, the statute provides that, if there has been a bona fide sale of the property since March 15, 1953, then that sales price is to be used as the base figure.
*132 After a rather perfunctory examination of the sale, respondent held that the sale of the building was not bona fide, that the sales price, therefore, could not be used as a basis of valuation, and that the lower assessed valuation of the property was to be employed as the base figure. The finding of a non bona fide sale was primarily premised on the alleged fact that the parties did not engage in an arm’s length transaction because the buyer had a 35% interest in the operating profits and sales proceeds of the subject property — an arrangement which dated back to 1936. This determination, on review, was upheld by Special Term of this court (Matter of Realty Agency v. Weaver, 17 Misc 2d 61) and by the Appellate Division, First Department (Matter of Realty Agency v. Weaver, 8 A D 2d 773). The Court of Appeals, however, reversed the orders, annulled the determination and remanded the matter to the Bent Administrator for further proceedings (Matter of Realty Agency v. Weaver, 7 N Y 2d 249). The Court of Appeals decision may be summarized in two sentences, as follows: “On the face of this record, there is no substantial evidence to support the Administrator’s finding that the consummated bargain was other than an arm’s length transaction. * * * We simply state that, in this case, failure of the Administrator to receive and challenge appellant’s proffered evidence and to make appropriate inquiry as to the instant sale at a hearing before him, leaves his findings unsupported by substantial evidence (State Besidential Bent Law, § 8, subd. 1; State Bent and Eviction Begulations, § 98, subds. [2], [6]).” (Matter of Realty Agency v. Weaver, supra, pp. 253, 255.)
The clear import of the Court of Appeals opinion is that a full hearing of all pertinent evidence was required, and not just a cursory perusal of some of the factors concerning the sale, as was originally afforded. The wisdom of the majority opinion of the Court of Appeals is now apparent since, after a full and obviously fair hearing to both sides by the Bent Commission, that body has now determined on all the evidence before it that there was, in fact, an arm’s length transaction and a bona fide sale. It is this determination that is the subject of petitioners’ present proceeding.
The Legislature did not intend that a low assessed valuation of property, for purposes of fixing a fair net annual return, be substituted for sales price by the device of a claim that the sale was not bona fide because the price obtained was too low (no question of a distressed or forced sale being involved).
Speaking of that section of the State Bent and Eviction Begulations here in question, the Court of Appeals recently stated: *133 v In mandating the use of bona fide sale price, the Legislature * * * simply recognized that such price provided ‘ a more accurate reflection of value ’ (L. 1957, ch. 755; N. Y. Legis. Annual, 1957, p. 264) ” (Matter of Ackerman v. Weaver, 6 N Y 2d 283, 287). At the hearing, petitioners’ own expert testified that similar property, similarly situated, had sold for about $1,600,000. The Court of Appeals, in its decision in the Realty Agency case, also pertinently called attention to the fact “ that an $815,000 first mortgage was negotiated for the property at about the -time of the instant sale — a significant factor since lending institutions are limited in their mortgage loans to two thirds of a property’s value ” (Matter of Realty Agency v. Weaver, supra, p. 253). This would mean a valuation for the property of at least $1,222,500. The equalized assessed valuation, which petitioners urge upon the court as the proper valuation base, is only $840,000. It is a simple arithmetic matter to determine that, as between the equalized assessed valuation and the purchase price of $1,220,000, the purchase price unquestionably presents “ a more accurate reflection of value ”.
Moreover, on the evidence before the Court of Appeals when it reversed the original determination, the court said that there was no disclosure that the sale and purchase were by other than adverse parties, each standing on their respective rights, and that even as to the profits on the sale the buyer and seller were adversaries in a debtor-creditor relationship. Nothing appears in the additional evidence before the commission on the new hearing to now show otherwise. In fact, additional findings of fact such as that the purchase price matched the highest outside offer, that 75% of the purchase price was paid in cash, and that total financial increases for the building were only 25%, merely buttress the conclusion of bona fide sale. The evidence as a whole now makes quite clear the erroneous basis of the original finding.
The Eent Commission, now having heard all of the evidence — and such additional evidence as was contemplated by the opinion of the Court of Appeals — has come to the conclusion that an arm’s length transaction here resulted in a bona fide sale and, therefore, that the sales price should be used in fixing fair net annual return. This court finds ample support in law and in fact to sustain this determination, and it cannot be said that the commission acted in a manner that was either arbitrary, capricious, unreasonable, contrary to law or inconsistent with the remandation of the Court of Appeals.
The petition is, therefore, dismissed.