Jacob Markowitz, J.
Petition by certain tenants of the intervenor to review the determination of the Bent Administrator denying petitioners’ protest of an order granting a rent increase pursuant to the 6% annual return provisions of the Emergency Housing Bent Control Law (L. 1946, ch. 274, § 4, as amd.). Petitioners’ challenge is made on two grounds: (1) that the use of the purchase price as a basis for determining the net annual return rather than assessed valuation was erroneous because of a special circumstance involved in the sale; and (2) that there was a decrease in essential services because of the failure of intervenor to purchase an adjacent vacant lot along with subject building and that no rent increase should have been allowed to a landlord whose conduct permitted such decrease in essential services.
The Legislature has mandated that respondent adopt the sales price as a basis for determining hardship where there has been a bona fide sale, resulting from an arm’s length transaction on normal financing terms at a readily ascertainable price (§ 4, subd. 4, par. [a], cl. [1]). There is no dispute that the sale in question here met these conditions. Intervenor, in fact, paid more than 37 % of the purchase price in cash. The statute, however, also provides that the sales price may be disregarded, and assessed valuation substituted therefor by respondent, if special circumstances are found, such as a forced sale, exchange of property, package deal, wash sale or sale to a co-operative (§ 4, subd. 4, par. [a], cl. [1]). Petitioners suggest that intervenor purchased the property solely to secure rent adjustments and that this is such a special circumstance. Besides the fact that the record is devoid of any proof of such allegation, “ The fact that the property was bought in anticipation of hardship increases is insufficient to deny hardship applications ” (Matter of Baranofsky v. Herman, 27 Misc 2d 307, 309). Matter of Bajort Management v. Weaver (8 A D 2d 56), which petitioners quote in part, is not to the contrary. The fact that intervenor’s application for rent adjustments came soon after the purchase is not alone evidence of an evil purpose in the purchase or of such a special circumstance, as envisioned by the Legislature. Bespondent’s thorough examination of the terms and circumstances of the sale and its conclusion that the sale was unaffected by any special circumstances seems reasonable, well supported by evidence in the record, and neither arbitrary nor capricious. Moreover, respondent may not reject otherwise meritorious applications on the aforesaid basis, which were merely suggested by petitioners without any proof. *1019 (See Matter of Florell Equities v. Weaver, 2 A D 2d 542, affd. 2 N Y 2d 982.)
As to petitioners’ second contention, the opinion and order of respondent noted that 6 * the tenants state that there is a separate court proceeding pending to resolve this issue ”. The point raised is that intervenor did not purchase, along with the building, a front lawn, which tenants had used as an additional means of ingress and egress to and from the building and as an area for recreation, light and air, and so reduced essential services. It is uncontested in the papers that intervenor desired to purchase the adjacent vacant lot, but that it was sold to a third party. In 1959, petitioners commenced suit against the new owner of the vacant lot to enjoin any change in use of the lawn. This case was pending at the time of the respondent’s determination herein. At that time, the lawn was still being used by petitioners as before, and there was no reduction in any essential services. Respondent, therefore, was correct in refusing to deny warranted rental adjustments on that basis. Moreover, in light of a recent decision by the Supreme Court of Queens County in favor of the tenants as against the owners of the vacant lot, this issue appears to be moot. Even if subsequent litigation should alter the position of the tenants in this regard, they are not without remedy, and may then proceed under subdivision 2 of section 34 of the State Rent and Eviction Regulations, if they be so advised. The petition is dismissed.