Edwin B. Ltnde, J.
In this proceeding, under article 78 of the Civil Practice Act, the landlord seeks an order reviewing and annulling a determination of the State Bent Administrator which denied its application for a building-wide rent increase pursuant to subdivision 5 of section 33 of the State Bent and Eviction Begulations.
*794 The petitioner is the owner of a 55-unit housing accommodation in Freeport, New York, and on January 22, 1962, applied to the local rent office in Hempstead for an adjustment in the maximum rent for the entire building on the ground its property was not yielding a net annual return of 6% of its valuation. (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd. by L. 1961, ch. 337.) On January 8, 1963, almost one year later, the Local Rent Administrator issued orders denying petitioner’s application. On February 11, 1963, a protest was filed by petitioner with the respondent who reviewed the matter de novo, and on June 18,1963, denied the protest, and affirmed the orders of the Local Administrator.
The petition states that the rents for 11 apartments in the building were increased after the landlord filed its application on January 22, 1962, and alleges that these increases were projected by the Local Administrator into the schedule of rental income submitted. The return of the respondent, however, reveals that no actual upward adjustment was made for 5 of the 11 units (1-J, 2-0, 4-B, 4-D and 4-F) and further shows that the rent for one apartment (3-C) was reduced rather than increased. The rents for the remaining five apartments (1-E, 1-G, 1-K, 3-D and 3-K) were admittedly adjusted, and the total adjustment increased the annual rental income by $2,224.20. While the accountant’s work sheet discloses adjustments to other units, they are not made the subject of this appeal, and the court finds and accepts the figures submitted by the respondent as correct. The audit made by the respondent also made adjustments on other items which are not pertinent since petitioner has only challenged the respondent’s right to project the subsequent rental increases in its computation of annual income.
The opinion and order of the respondent, dated June 18, 1963, states as follows: “ Generally the income of the property at the time of filing is used, however, if a unique set of circumstances prevails as the one in this proceeding, then the income set forth at the time of audit is proper.” (Italics supplied.)
The unique set of circumstances found by the respondent consists of the landlord’s obtaining five decontrol orders after the filing of its application on January 22, 1962, which increased its rental income. The respondent further found there was no substantial increase in expenses during the same period that the decontrol orders were procured between February 1, 1962 and November 1, 1962; and also noted that the five apartments were increased from 30 to 40% and as high as 74%.
*795 Neither the Emergency Housing Bent Control Law which authorizes adjustments in maximum rents where property does not yield a 6% return, nor the regulations promulgated thereunder, expressly prohibit the Bent Commission from considering the rent roll as it exists after the date of submission of an application for an increase. Becognition of the respondent’s right to consider rental income changes under similiar circumstances was made in Matter of 121 East 101st St. Corp. v. Herman (27 Misc 2d 319). While it is true that the respondent’s own regulation (Manual of Accounting Procedures and Practices, Operational Bulletin No. 2, eff. Dec. 1, 1961) prescribes the filing date as the cut-off date for computing rental income, it cannot be said that he may not vary his practice in a proper case or that he is arbitrary and capricious where he does so.
However, the respondent’s office cannot unreasonably delay a determination on a landlord’s application, and the obvious purpose of the cut-off date prescribed in the Bent Commission’s Begulations is to provide prompt processing of applications. In this case, the Local Administrator’s failure to act on petitioner’s application for almost a year is wholly unexplained, and can scarcely be described as reasonably diligent action. This fact is particularly noteworthy since the respondent’s office was able to determine the matter de novo within four months. Judicial sanction of inordinate delay on applications of this nature would permit them to be sidetracked until a change of circumstances warranted their denial. Such action does not comport with the Legislature’s mandate (Emergency Housing Bent Control Law, § 4, subd. 4) that landlords be allowed rental increases where their property yields less than a 6% return.
The court accordingly finds that the failure of the Local Bent Administrator to render a reasonably prompt decision is arbitrary and capricious, and the matter is remanded to the respondent for consideration of petitioner’s application, including rental income, on the basis of the facts as they existed on a date proximate to the filing of the papers. The court further finds that such date should be four months (or May 22, 1962) which is approximately the same period of time in which the respondent was able to consider the matter. Whether such reconsideration will result in a rental increase for petitioner is not a matter for this court to decide. The petition is granted as indicated.