Memorandum. We do not agree that there is a rational basis for respondent’s order here challenged. Without passing on the validity of any future claims of landlords for additional rent for such items as furniture, terraces, fireplaces and second bathrooms for which respondent alleges similar challenges may be made (cf. Matter of Plaza Mgt. Co. v City Rent Agency, 48 AD2d 129, affd 37 NY2d 837), we merely note that there is a significant difference between such items and garage *964 space available only to a limited number of tenants of an apartment complex. This difference was recognized in a prior order, under the rent control system, concerning this same housing complex wherein it was concluded that since the right to use garage space did not attach to any particular apartment, but, rather, was transferable, it was inappropriate for the amount charged for the rental of space to be included in the computation of maximum rent for an apartment.
Of course, respondent is not bound by its prior determination under the rent control system, but, as noted by Special Term, there is no indication in the record that under the order challenged here the landlord is realizing a return upon the garage space that is equivalent to that which it had previously received from separate rentals for those facilities. Although respondent’s order is an administrative determination rather than a local law or ordinance or a rule or regulation, the order apparently reflects the policy of respondent as expressed in a departmental memorandum regarding the treatment of garage spaces under the MBR (Maximum Base Rent) system and, hence, violates the spirit, if not the letter, of the Legislature’s expressed intention not to subject landlords under the MBR system to "more stringent or restrictive provisions of regulation and control than those presently in effect” (L 1971, ch 1012).
Respondent takes the position that the landlord is adequately compensated under the MBR system by an 8Vi% return on the capital value of its property, based on assessed real estate values, including the portion thereof attributable to the garage space in question (see Administrative Code of City of New York, §Y51-5.0, subd a, par [3], as amd by Local Laws, 1970, No. 30 of City of New York, § 11). Under the law, the landlord is entitled to this return, which the legislative body considered an adequate return (cf. Matter of 340 East 57th St. Corp. v Weaver, 3 Misc 2d 356, 361, affd 2 AD2d 678). But, the enactment was not designed to reduce a landlord’s return, if such return was greater than 8Vi%. If the previous separate rentals for garage spaces allowed the landlord a separate return on this aspect of its investment, respondent’s implementation of the MBR system need not eliminate that portion of the landlord’s return. Indeed, as we have said on a prior occasion: "The thrust of the Local Emergency Rent Control Act, and particularly the 1971 amendments, * * * is to facilitate the transition from regulation to a free market by *965 preventing imposition of stricter regulations which, due to an inadequate return to landlords, inhibit maintenance of existing housing stock” (Matter of 241 East 22nd St. Corp. v City Rent Agency, 33 NY2d 134, 144; emphasis in original). Thus, while not allowing a separate rental for garage spaces in this case may benefit the particular tenants utilizing such spaces, such benefit is at the expense of the other tenants, the landlord and, ultimately, the public at large which suffers when landlords are discouraged from maintaining property by an insufficient return on their investment.
Concluding, we note that the effect of respondent’s order is, as conceded by respondent, to pass the cost of the garage spaces in question along to all the tenants even though only a small number of such tenants have the right to use the spaces. Although those tenants not having garage space apparently have not protested respondent’s order, the fact that they must share the expense puts into question the rationality of respondent’s determination. The law implementing the MBR system speaks in terms of "housing accommodations” (see Administrative Code of City of New York, § Y51-5.0, as amd by Local Laws, 1970, No. 30 of City of New York, § 11). While ordinarily garage space that is available to all tenants may be considered a service provided as part of the housing accommodations (cf. Einhorn v 100 E. 21st St. Garage, 278 App Div 848), such space should not be regarded as a service for which all tenants can properly be charged if, as here, it is not available to all tenants. As previously noted, garage space available only to some tenants is not the same as special features of some apartments. Although not unmindful of the administrative difficulties faced by respondent, such difficulties do not constitute a sufficient basis for upholding respondent’s order in this case.
Accordingly, the order of the Appellate Division entered upon reargument should be reversed, without costs, and the judgment of Supreme Court, New York County, reinstated. The appeal from the order of the Appellate Division, entered December 11, 1975, should be dismissed as academic.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur in memorandum; Judge Wachtler taking no part.
Order reversed, etc.